IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

Vs

C.A. No. 06-

CATHOLIC FAMILY LIFE INSURANCE COMPANY

[redacted] 06 157ML

## COMPLAINT

### PARTIES & JURISDICTION

1. Plaintiff, Colleen Littlefield, is and at all relevant times has been a Rhode Island resident of North Kingstown, Rhode Island.

2. Defendant, Catholic Family Life Insurance Company (hereinafter "CFLI") is upon information and belief, a Milwaukee, Wisconsin company and/or a Fraternal Benefit Society, headquartered there and licensed to do business in the State of Rhode Island.

3. This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §1332(a)(1), as the parties are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

### FACTS

4. At all relevant times hereto, Colleen Littlefield was the wife of decedent Michael Littlefield, who was the named insured of a CFLI term life insurance policy #99903082701 with the policy term of September 9, 2003 through September 9, 2023. (hereinafter "The Policy," See Exhibit 1)

5. Colleen Littlefield was the beneficiary of The Policy.

6. The application for The Policy was completed in North Kingstown, Rhode Island, on August 28, 2003 by Michael Littlefield. (hereinafter "The Application," see Exhibit 2.)

7. The Application was completed with the assistance of CFLI examiner and agent, Donna Carroll, in North Kingstown, Rhode Island.

8. The Application included medical information and, as requested, authorized release of all medical records of Michael Littlefield to CFLI and/or its agents.

9. On or about May 25, 2005, Michael Littlefield died in North Kingstown, Rhode Island due to metastatic colon cancer. (See Exhibit 3, death certificate.)

10. At the time of The Application and for nearly one year thereafter, there was no evidence of or diagnosis of cancer.

11. All required premiums had been paid by the Littlefields to CFLI and pursuant to The Policy terms, before Michael Littlefield's death.

12. Pursuant to The Policy requirement, Colleen Littlefield notified CFLI of her husband's death and requested payment of the $300,000 policy coverage.

13. Thereafter, an investigation was performed by CFLI and/or its agent which resulted in the denial of payment under the policy.

14. The basis for CFLI's denial was that The Policy was contestable for two years from date of issuance and that Michael Littlefield did not disclose a follow-up medical appointment.

15. Notwithstanding Michael Littlefield's proper disclosures of physicians and treatments on The Application, CFLI has continued to deny coverage for the death of Michael Littlefield.

COUNT I
BREACH OF CONTRACT

16. Colleen Littlefield incorporates paragraphs 1 through 15 as if set forth fully herein.

17. CFLI's denial of the Plaintiff's claims is a breach of the insurance agreement (The Policy) between the parties.

18. As a direct result of the Defendant's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

COUNT II
NEGLIGENCE

19. Colleen Littlefield incorporates paragraphs 1 through 15 of the Complaint and Count I as if set forth fully herein.

20. Defendant based its denial of Plaintiff's claim on nondisclosure of medical information, specifically a follow-up appointment.

21. The Application fully answers all questions asked by Defendant. In addition, Michael Littlefield provided for release of all medical information to CFLI. Defendant's conclusion that not specifically listing a follow-up appointment would allow CFLI to avoid payment under The Policy is wholly unreasonable.

22. Defendant had an opportunity to and a duty to conduct a reasonable investigation of the circumstances predating The Application and clearly failed to do so. Additionally, no medical information available prior to The Application showed any cancer.

23. The follow up appointment excuse has been negligently relied upon in favor of the insurer who prepared the policy and CFLI will financially benefit if allowed to avoid payment of the loss herein.

24. As a proximate result of the Defendant's breach of duty, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

COUNT III
BAD FAITH

25. Colleen Littlefield incorporates paragraphs 1 through 15 of the Verified Complaint and Counts I and II as if set forth fully herein.

26. The Defendant's denial of Plaintiff's claim is unreasonable inasmuch as it is not predicated on questionable facts adduced during a fair investigation but rather upon CFLI's false claims of non disclosure.

27. Furthermore, there was no evidence of any cancer at the time of The Application or for nearly a year afterward.

28. The Defendant breached its covenant of good faith and fair dealing implicit in its contractual relationship with Plaintiff and the decedent and Defendant has wrongfully and in bad faith denied Plaintiff's claim.

29. The Defendant's refusal to honor the claim present is in bad faith and expressly a violation of R.I.G.L. 9-1-33.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars, punitive damages in excess of Three Hundred Thousand ($300,000.00) Dollars, plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

Plaintiff
By her Attorney,

Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 453-6200
(401) 331-6110 fax

Plaintiff hereby requests trial by jury on all issues triable of right by jury and designates Attorney Karen Davidson trial counsel.

Karen Davidson

DATE: 4/3/06

# EXHIBIT 1

# THE POLICY

If the insured dies while this policy is in force:

Catholic Family Life Insurance will pay the death benefit proceeds of this policy to the beneficiary, subject to the provisions herein. The death benefit proceeds are defined in Section IV. We also will provide the other rights and benefits of this policy.

READ YOUR POLICY CAREFULLY. This is a legal contract between you and Catholic Family Life Insurance. If there is a question, or if there is a claim, contact your representative or our Home Office.

RIGHT TO CANCEL. You may cancel this policy by delivering or mailing to us or the agent a written notice to Catholic Family Life Insurance, 1572 East Capitol Drive, Milwaukee, Wisconsin 53211, and returning the policy to us or our representative before midnight of the twentieth day after the date you receive the policy. Notice given by mail and return of the policy or contract by mail are effective on being postmarked, properly addressed and postage prepaid. We will return all payments made for this policy within ten days after we receive notice of cancellation and the returned policy.

Signed at our Home Office in Milwaukee, Wisconsin on the policy date.

Mary C. D'Amas — Secretary

Dan Lloyd — President

**20 YEAR LEVEL TERM LIFE INSURANCE**
**DEATH BENEFIT PAYABLE AT DEATH OF INSURED PRIOR TO THE EXPIRY DATE.**
**PREMIUMS PAYABLE AS SCHEDULED IN SECTION I AND II.**
**RENEWABLE TO AGE 70, CONVERTIBLE TO AGE 65.**
**PARTICIPATING.**

Catholic Family Life Insurance
1572 E. Capitol Drive • Milwaukee, WI 53211
1 800 227-CFLI

U-461-600

**A FRATERNAL BENEFIT SOCIETY**
**MILWAUKEE, WISCONSIN**

*Families are the heart of what we do.*

SECTION 1
POLICY DATA

AGE: 34 SEX: MALE

TOTAL PREMIUMS AT ISSUE:

OWNER: MICHAEL LITTLEFIELD

| | |
|---|---|
| ANNUAL: | $370.00 |
| SEMI-ANNUAL: | $188.70 |
| QUARTERLY: | $96.20 |
| MONTHLY: | $31.45 |

PREMIUM CLASS: PREFERRED

POLICY DATE: September 9, 2003

SURPLUS REFUND OPTION: On Deposit

EFFECTIVE ANNUAL INTEREST RATE FOR REINSTATEMENTS: 6.00%

Beneficiary: As stated in the application unless subsequently changed.

INSURED: MICHAEL LITTLEFIELD POLICY NUMBER: 99903082701

SCHEDULE OF BENEFITS AND PREMIUMS

| BENEFITS DESCRIPTION | AMOUNT | MATURITY OR EXPIRY | ANNUAL PREMIUM | PREMIUM PAYABLE |
|---|---|---|---|---|
| 20 Year Level Term Renewable to age 70 | $300,000 | 09/09/2039 | $370.00 | 1 Year |

## SECTION II

### TABLE OF TERM PERIODS AND PREMIUMS

| TERM PERIOD | POLICY YEAR | CURRENT ANNUAL PREMIUM AS OF POLICY DATE | MAXIMUM GUARANTEED ANNUAL PREMIUM |
|---|---|---|---|
| 1 | 1 | $370.00 | $370.00 |
| 1 | 2-20 | $370.00 | $1,339.00 |
| 2 | 21-36 | $1,927.00 | $6,538.00 |

INSURED: MICHAEL LITTLEFIELD POLICY NUMBER: 99903082701

# SECTION III

## DEFINITIONS

YOU or YOUR means the owner of this policy. The owner is as shown in Section I, Policy Data, unless later changed as provided in this policy. The owner may be someone other than the insured.

WE, OUR or US means Catholic Family Life Insurance.

The INSURED is the person named as the insured in Section I.

The PAYEE is any person who has the right to receive the proceeds according to the provisions of Section IX.

The BENEFICIARY is the person who has a right to receive the death benefit proceeds.

The POLICY is this basic document plus any amendments or endorsements, not including the application or any riders.

A RIDER is an attachment to the policy. It provides additional benefits.

The CONTRACT is this policy, together with the application and any riders. Our Articles of Incorporation and By-Laws also are part of the contract.

AGE means the age of the insured on his or her last birthday.

The POLICY DATE is the date this policy goes into effect. It is shown in Section I.

Policy YEARS, ANNIVERSARIES and MONTHS are measured from the policy date shown in Section I. Policy anniversary means the same month and day as the policy date for each year the policy remains in force. The first policy year begins on the policy date and ends at 11:59 p.m. on the day prior to the first policy anniversary. Subsequent policy years begin on a policy anniversary and end at 11:59 p.m. on the day prior to the next policy anniversary.

WRITTEN NOTICE means information received at our Home Office. Such information must be written, signed by you, and acceptable to us.

IN FORCE means the insured's life remains insured under the terms of this policy. This policy is in effect.

TERMINATE means the insured's life is no longer insured under any of the terms of this policy. This policy is no longer in effect.

# SECTION IV

## DEATH BENEFIT

### DEATH BENEFIT PROCEEDS DEFINED

Your policy has the following value which is determined on the date of the insured's death. These proceeds consist of:

a. the death benefit amount as shown in Section I; plus
b. the value of any surplus refunds left on deposit; plus
c. any premium paid beyond the calendar month in which the insured's death occurs; minus
d. any premium due.

## NONPAYMENT OF PREMIUMS

If any premium due is unpaid at the end of the grace period, your policy will terminate.

## CHANGE OF PREMIUM

The Schedule of Benefits and Premiums in Section I and Table of Term Periods and Premiums in Section II shows the actual annual premium for this policy on the policy date. The actual annual premium is the premium that is payable; it remains in effect unless changed in accordance with this provision.

Commencing on the first policy anniversary, we annually will review the actual premiums to be charged the ensuing policy year according to future expectations as to one or more factors, including:

a. mortality;
b. interest;
c. expenses; and
d. persistency.

The actual annual premium in effect on any policy anniversary during the first term period, however, may never be greater than the maximum guaranteed annual premium shown in Section II. The actual annual premium during any renewal term period may not be greater than the maximum guaranteed annual premium for that renewal term period, also as shown in Section II. Extra premiums charged due to a special premium class will not be subject to annual review. Premiums for riders attached to this policy are not subject to annual review.

No change in premium will occur because of a change in health of the insured. Any change in premium will not result in a change in the guaranteed benefits provided by this policy.

Any change in premium will be on a uniform basis for all insureds:

a. with the same age at issue;
b. of the same sex; and
c. in the same premium class,

and whose policies have been in force for the same length of time.

## REINSTATEMENT

Within five years after termination, you may restore your policy and any attached riders to a premium paying basis. We will require:

a. your written notice to reinstate the policy;
b. evidence of insurability satisfactory to us;
c. payment of all past due premiums on your policy;
d. payment of interest at the rate shown in Section I on all past due premiums.

### AUTOMATIC DISABILITY RENEWAL

If, at the end of any renewal term period which is prior to the policy anniversary on or following the insured's 65th birthday, premiums are being waived in accordance with a disability waiver of premium benefit rider attached to this policy, this contract will be renewed automatically. In this event, any renewal premiums falling due during the continuation of such disability will be waived.

## SECTION VIII

## CONVERSION

### CONVERSION PRIVILEGE

At any time prior to the policy anniversary on or following the insured's 65th birthday, this policy may be converted to a new policy upon your written request, provided:

a. this policy is then in force, and
b. the insured is not then eligible for any disability waiver of premium benefit attached to this policy.

### CONVERSION RULES

The following rules will apply:

a. The new policy may be any permanent life insurance plan we then issue.
b. The death benefit amount of the new policy may not be less than the minimum amount we then issue for the plan selected or greater than the death benefit amount of this policy.
c. Evidence of insurability will not be required. If you request riders to be added to the new policy, satisfactory evidence of insurability for those riders may be required. If a disability waiver of premium rider is in effect in this contract and the insured is not disabled at the time of conversion, the new contract automatically will contain a waiver of premium rider, unless you decide otherwise.
d. The premium for the new policy will be determined according to the sex and age last birthday of the insured on the date of conversion, and according to the same premium class as this policy.
e. The policy date of the new policy will be the date of conversion.
f. The first premium on the new policy must be paid on or before the date of conversion.
g. The Suicide and Incontestability provisions of the new policy will be measured from the policy date of this policy.

### AUTOMATIC DISABILITY CONVERSION

If, on the policy anniversary on or following the insured's 65th birthday, premiums are being waived in accordance with a disability waiver of premium benefit rider attached to this policy, this policy will be converted automatically to a whole life policy with the same death benefit amount as this policy. A disability waiver of premium benefit rider also will be included automatically with the new contract. In this event, any premium on the new contract falling due during continuation of such disability will be waived.

The date of conversion will be the policy anniversary on or following the insured's 65th birthday. The other conversion rules set forth in the Conversion Rules provision above, as appropriate, will apply to this conversion.

OPTION 2. LIFE ANNUITY WITH PERIOD CERTAIN. We will pay a monthly income to one specified payee for a specific period of 10 or 20 years. We will continue the monthly payments after the expiration of the specified period as long as that payee is alive. If that payee dies before the expiration of the specified period, the remaining monthly payments will be paid to the beneficiary of this settlement option. The amount of monthly income per $10,000 of proceeds is:

**- - - LIFE ANNUITY WITH PERIOD CERTAIN - - -**

| | 10 Years | | 20 Years | |
|---|---|---|---|---|
| Age | Male | Female | Male | Female |
| 45 | $41.97 | $39.21 | $41.09 | $38.83 |
| 50 | 45.10 | 41.77 | 43.65 | 41.09 |
| 55 | 49.07 | 45.05 | 46.58 | 43.83 |
| 60 | 54.21 | 49.34 | 49.74 | 47.05 |
| 65 | 60.79 | 54.97 | 52.78 | 50.53 |
| 70 | 68.74 | 62.30 | 55.17 | 53.75 |

Amounts for other ages will be furnished upon request.

OPTION 3. INSTALLMENTS FOR A FIXED AMOUNT. We will make equal payments every one, three, six or twelve months as chosen. The payments will run until the proceeds applied together with interest at the rate of at least 3% a year on the unpaid balance are fully paid. The final payment will be any balance equal to or less than one payment. If the payee dies before all installments have been paid, the remaining balance, including accrued interest, will be paid to the beneficiary of this settlement option.

OPTION 4. PROCEEDS AT INTEREST. We will pay interest annually on the proceeds retained at the rate of at least 3% per annum. At the death of the payee we will pay the principal and any accrued interest to the beneficiary of this settlement option.

We may, at the time a settlement option is exercised under Options 1 or 2, provide a monthly income in excess of that guaranteed above.

In addition to the payment guaranteed under Options 3 and 4, excess interest may be paid or credited from time to time at such rate as our Board of Directors shall declare.

## SETTLEMENT OPTION AGREEMENT

We will issue a settlement option agreement on the date of settlement. It will show the rights and benefits of the payee under the settlement option elected. The agreement will include provisions regarding withdrawal rights and the payment of proceeds remaining at the death of the payee. So far as permitted by law, no amount payable under these settlement options shall be assigned or pledged or subject to the claims of creditors of the payee.

## PROOF OF AGE AND SURVIVAL

Before making payments under Option 2, we may require satisfactory proof of the age and sex of the person on whose life payments are based. If payment under an option depends on survival of the payee, we may require satisfactory evidence that the payee is living when the payment becomes due.

## BENEFICIARY

The beneficiary:
a. will receive the proceeds when the insured dies;
b. is named in the application for this policy; and
c. may be changed by the owner. The change is subject to the terms shown in the Change of
d. Beneficiary provision.

If not otherwise provided:
1. The interest of any beneficiary who dies before the insured will pass to any other beneficiaries according to their interests.
2. If no beneficiary survives the insured, the proceeds will be paid in one sum to the owner, if living. If the owner is not living, the proceeds will be paid to the owner's estate.

## CHANGE OF BENEFICIARY

The owner may change the beneficiary designation:

a. while the insured is alive; and
b. if the prior designation does not prohibit such a change.

A change will revoke any prior designation. No change is effective until we record it. Once recorded, the change is effective as of the date you signed it. We have the right to require that you send us this policy so we can record the change.

## ASSIGNMENT

An assignment of this policy will not be binding on us unless:

a. it is in writing; and
b. it is received by us at our Home Office.

We will not be responsible for the validity of any assignment. We reserve the right to require this policy for endorsement of any assignment.

## CONFORMITY

This policy is subject to the laws of the state in which this policy is delivered. If part of it does not follow that law, it will be treated as if it does.

## INCONTESTABILITY

Except for nonpayment of premiums, we cannot contest this policy after it has been in force during the lifetime of the insured for two years (one year in Missouri and North Dakota) from the policy date.

If this policy is reinstated, it will be contestable during the lifetime of the insured for two years (one year in Missouri and North Dakota) from the effective date of reinstatement. Any contest will be based only on statements made in the application for reinstatement and attached to this policy.

## MISSTATEMENT OF AGE OR SEX

If the issue age or sex of the insured is not correctly shown in Section I, we will adjust the death benefit. The amount will be based upon what the premiums paid would have purchased according to the insured's correct issue age and sex.

Catholic Family Life Insurance

*Families are the heart of what we do.®*

# Amendment of Application

It is hereby understood and agreed that the application forming a part of Policy Number 99903082701 amended as follows:

**I have reviewed pages 2 and 3 of the application in this policy. I agree that the information obtained by the home office in a telephone interview or by a paramedical facility is correct.**
**All statements made in any application and medical forms attached to the policy are subject to all the general provisions listed in "The Contract" section of the policy.**

A copy of this Amendment and Alteration of Application, the signed original of which is to be recorded at the Home Office of the Society, shall be attached to and shall apply to any policy issued thereon.

I certify that the health of the person proposed for coverage has not changed since the date of the original application.

SIGNATURE OF APPLICANT/OWNER ______________________________

SIGNED AT ______________________________
(City and State)

DATED ______________________________

WITNESSED BY ______________________________

**TWO COPIES ARE TO BE SIGNED, DATED AND WITNESSED;**
**ONE COPY IS IN THE POLICY**
**ONE COPY IS TO BE RETURNED TO THE HOME OFFICE**

U-465-1100

1572 E. Capitol Drive ••P.O. Box 11563 ••Milwaukee, Wis. 53211-0563 ••414/961-0500 ••Toll Free 800/227-2354 ••FAX 414/961-2059 ••mail@cfli.org

*The oldest Catholic fraternal in the U.S.—Established 1868.*

# EXHIBIT 2

# THE APPLICATION

Catholic Family Life Insurance

Application for Membership and Life Insurance to:
Catholic Family Life Insurance, 1572 E. Capitol Drive Milwaukee, Wisconsin 53211 • (800)227-2354
*(Please print in black ink.)*

Proposed Primary Insured ✓ Proposed Other Insured ____
Name: Michael Littlefield (First / Middle / Last)
Street: 61 Charles St.
City: North Kingstown State: RI Zip: 02852
Home Phone: (401) 884 2670 Gender: M
Social Security Number: —
Previous Name(s) ____
Occupation: Cable Engineer State of Birth: RI
Birthdate: 2/16/69 Age last birthday: 34
Where can you be reached for additional information?
Phone: (401) 884-2670
Best Days: M T W TH F
Best Times: ANY DAY ☐a.m. ☑p.m.

Face Amount: $300,000 ☐ Tobacco ☑ Non-Tobacco
Plan of Insurance: 20 YR PREF Term
Mode: ☐Ann. ☐ Semi-Ann. ☑Quarterly ☐ EFT ☐1 ☐ 15
(UL only) Option: ☐ #1 Level ☐#2 Increasing
UL planned premium: $____

Amount remitted with this application in exchange for the Society's receipt: $ 96.30
(See Receipt and Conditional Life Insurance Agreement)

Primary Beneficiary: Colleen Littlefield
Relationship to Proposed Insured: Wife
Social Security Number: 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
Contingent Beneficiary: Elizabeth Littlefield
Relationship to Proposed Insured: Daughter
Social Security Number: —

Is this policy to replace any existing insurance or annuity(ies)? ☑Yes ☐No
If yes, indicate company names(s) CFLA
Is the Proposed Insured a U.S. Citizen? ☑Yes ☐No
Has the Proposed Insured used tobacco in any form in the past 12 months? ☐Yes ☑No
Is the Proposed Insured Catholic? ☑Yes ☐No
Parish: ____

Has the Proposed Insured ever been told he/she had or been treated for diabetes, cancer, heart disease, alcoholism, drug abuse, or high blood pressure? ☐Yes ☑No
Has the Proposed Insured ever had insurance or reinstatement refused, postponed, limited, or offered on a substandard basis? ☐ Yes ☑ No

Riders: ☐ WP (OL3 or term) ☐Waiver of Monthly deduction (UL)
☐ Waiver of Planned Premium (UL) $____ ☐ ADB (UL or OL3 only) $____ ☐ GIR(UL or OL3)$____
☐ Term Rider (Primary Insured) $____ ☐ Acceleration of Death Benefit Rider (UL)
☐Term Rider (Other Insured) $____ (Complete a separate application for each person.)
☐ Children's Term ____ Units (Complete a separate application for each child.)

Authorization to obtain and disclose information: I (we) have read all the questions and answers in the application. All responses are true and complete to the best of my (our) knowledge and belief. No coverage will be in effect until: a full application has been signed by the Proposed Insured; and a policy has been issued: and the full first premium has been received by the Society; and any amendments are signed. Any coverage will be subject to the terms and conditions of the policy.

(we) have received the notification about the Federal Fair Credit Reporting Act and the Medical Information Bureau.

AUTHORIZE the following to release information about me to Catholic Family or its reinsurers. Those authorized include a physician, medical practitioner, hospital, clinic, other medical or medically related facility, insurance or reinsuring company, the Medical Information Bureau, a consumer reporting agency, and/or employers. I UNDERSTAND that this information may include diagnosis, treatment, and prognosis with respect to any physical or mental condition and/or treatment, and other non-medical information concerning me. I authorize all sources, except MIB, to give records or knowledge to any agency employed by Catholic Family Life Insurance. I authorize them to collect and transmit such information. I UNDERSTAND they will use the information obtained through this Authorization to determine eligibility for insurance. Any information obtained will not be released to any person or entity EXCEPT to reinsuring companies, or other persons or organizations performing business or legal services with my application. The Society may release this information when lawfully required, or as I further authorize.

I KNOW that I may request a copy of this Authorization. I AGREE that a photographic or faxed copy of this Authorization shall be as valid as the original. I ACKNOWLEDGE that I received the "Notice to Applicant" form. I AGREE this Authorization shall be valid for one year from the date shown below.

Signed at (city and state) N. Kingstown RI
Date signed (Month/day/year) 8/25/03

Michael Littlefield
Signature of Proposed Insured (if age 18 or over)

____
Signature of Owner/Applicant, if other than Proposed Insured

Representative: To the best of your knowledge, will this policy replace or change any existing life insurance or annuity certificate(s)
☑ Yes ☐ No

Donald C. Demers
Signature of Representative

Donald C Demers 1074
Print Representative's name and number

U-465-400

| POLICY DATE | POLICY NUMBER | SERIAL NUMBER |
| --- | --- | --- |
| 9/9/03 | 9990308270[illegible] | 10541[illegible] |

9900 3082701

# MEDICAL DEPARTMENT

Please print names and addresses.

Supplement to Application to: **CATHOLIC FAMILY LIFE INSURANCE**

MEDICAL EXAMINATION REPORT - Part 1
P.O. Box 11563, Milwaukee, Wis., 53211

PROPOSED INSURED: (Print Full Name) MICHAEL LITTLEFIELD

DATE OF BIRTH: Month 2-16-69 Day ____ Year ____

1a. Name and address of your personal physician (IF NONE, SO STATE):
DR PIERRE MANZO SO. COUNTY TR E. GREENWICH RI 02818

b. Date and reason last consulted:
Pain Related to hernia Surgery 5-03 - Had Surgery 4-20-03

c. Treatment given or medication prescribed:
—

| 2. Have you ever been treated for, or had any indication of: | Yes | No |
|---|---|---|
| a. Disorder of eyes, ears, nose or throat? | ☐ | ☒ |
| b. Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? | ☐ | ☒ |
| c. Shortness of breath; persistent hoarseness or cough, blood spitting; bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☒ |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☒ |
| e. Jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☒ | ☐ |
| f. Sugar, albumin, blood or pus in urine; venereal disease; stone or other disease of kidney, bladder, prostate or reproductive organs? | ☐ | ☒ |
| g. Diabetes; thyroid or other endocrine disorders? | ☐ | ☒ |
| h. Neuritis, sciatica, rheumatism, arthritis, gout or disorder of the muscles or bones, including the spine, back or joints? | ☐ | ☒ |
| i. Disorder of skin, lymph glands, cyst, tumor or cancer? | ☐ | ☒ |
| j. Allergies; anemia or other disorder of the blood? | ☐ | ☒ |
| k. Deformity, lameness, or amputation? | ☐ | ☒ |
| 3. Have you ever been treated for the use of alcohol or any habit-forming drugs? If so give complete details. | ☐ | ☒ |
| 4. Have you smoked cigarettes in the past year or used any other nicotine products? If so, which? | ☐ | ☒ |
| 5. To the best of your knowledge are you now pregnant? If "Yes" give date of expected delivery. | N/A | ☐ |
| 6. Has a member of the medical profession ever diagnosed you as having, or treated you for AIDS (Acquired Immune Deficiency Syndrome), ARC (AIDS Related Complex), or any other immunological disorder? | ☐ | ☒ |
| 7. Are you now under observation, treatment, or taking medication? | ☐ | ☒ |
| 8. During the past seven years, have you: | | |
| a. Been examined or been treated by a physician, chiropractor or psychologist? | ☒ | ☐ |
| b. Had an x-ray or electrocardiogram? | ☒ | ☐ |
| c. Had observation or treatment at a clinic or hospital? | ☐ | ☒ |
| d. Had a surgical operation scheduled or completed? | ☒ | ☐ |
| e. Made claim for or received payment for sickness or injury? | ☐ | ☒ |
| 9. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☒ |
| 10. Were you ever postponed, declined, rated, or offered a modified plan for Life, Accident, or Health Insurance? | ☐ | ☒ |

DETAILS of "Yes" answers (IDENTIFY QUESTION NUMBER; CIRCLE APPLICABLE ITEMS; Include diagnoses, dates, duration, and names and addresses of all attending physicians and medical facilities.

2E - Had Hernia Surgery 4-20-03 DR ABadier 300 Tollgate Rd Warwick RI 02886. Kent County Hosp Warwick RI. outpatient

8A - DR Karen Blackmere So. County TR. East Greenwick RI Last seen 4 yrs ago physical. No problems

8B - Had X-ray For Sinus infection 2 yrs ago. E.R. Kent County Hosp.

8D - See # 2E

11. Family Record: (Indicate family history of tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide.)

| | If Living: State of Health (If poor, give reason) | Deceased: Age at Death | Deceased: Cause of Death |
|---|---|---|---|
| Father | | 68 | |
| Mother | | 59 | |
| Brothers/ Sisters | B - | 39 | |

I hereby agree that all statements and answers in this application are full, complete, and true to the best of my knowledge and belief, and shall become part of any policy or contract issued on the basis of this application. I further agree that the Society may rely upon any statements or answers made relating to my health or illness in determining whether to accept this application for insurance.

Dated at: NO. KINGSTOWN RI (City, State) this 28th day of August 2003 (Date)

Examiner's Signature Donna Carroll Proposed Insured's Signature X Michael Littlefield

U-16-1168 (Rev 699)

# CATHOLIC FAMILY LIFE INSURANCE

## 20 YEAR TERM EXCHANGE RIDER

At the end of the first term period shown in Section II, this policy may be exchanged for a new policy, provided:

a. this policy is then in force, and

b. the insured is age 50 or less; and

c. the insured is not then eligible for any disability waiver of premium benefit attached to this policy.

The following rules will apply:

a. You must complete and submit an application for the new policy not more than 90 days or less than 60 days before the end of the first term period.

b. Evidence of the insurability of the insured satisfactory to us is required.

c. The plan of insurance will be the same as this policy.

d. The amount of insurance may not exceed the amount of insurance for this policy.

e. The new policy will not be effective until we: (1) approve its issue; and (2) receive its first premium.

f. The policy date of the new policy will be the anniversary at the end of the first term period. The issue age will be the insured's age on that date. The premium will be determined from the table of rates in use on that date.

g. The insurance provided by this policy will terminate when insurance under the new policy begins.

h. Any rider included with this policy may be included in the new policy. Such rider is subject to our rules and table of premium rates in use on the new policy date.

i. The Suicide and Incontestability provisions of the new policy will be measured from the policy date of this policy.

Signed at our Home Office in Milwaukee, Wisconsin

Mary C. D'Amico — David T. Lloyd

Secretary — President

U-473-801

# EXHIBIT 3

# DEATH CERTIFICATE

CERTIFICATION OF VITAL RECORD

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PHYSICIANS MUST COMPLETE SHADED AREAS ONLY. FUNERAL HOME MUST COMPLETE UNSHADED AREAS.

LOCAL FILE NUMBER: 05-72

## RHODE ISLAND DEPARTMENT OF HEALTH
## CERTIFICATE OF DEATH

STATE FILE NUMBER

Brief Instructions On Reverse Side.

TYPE OR PRINT in BLACK INK

**DECEDENT**

1. DECEASED — FIRST NAME: Michael | MIDDLE: | LAST: LITTLEFIELD
2. SEX: Male
3. DATE OF DEATH (Month, day, year): May 25, 2005
4a. HOSPITAL OR OTHER INSTITUTION — NAME (If not in either, give street and number): 61 Charles Street
4b. CITY, TOWN, OR LOCATION OF DEATH: North Kingstown
5a. AGE — LAST BIRTHDAY (Years): 36
5b. UNDER 1 YEAR — MOS. / DAYS:
5c. UNDER 1 DAY — HOURS / MIN.:
6. DATE OF BIRTH (Month, day, year): Feb. 16, 1969
7. BIRTHPLACE (City and State or Foreign Country): Warwick, RI
8. WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No) NAME WAR: No
9a. RACE — Am. Indian, Black, White, etc. (Specify): White
9b. ETHNIC ORIGIN — Cuban, Mexican, P. Rican, Hmong, Laotian, etc. (Specify): American
10. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify): Married
11. SPOUSE (If wife, give maiden name): Colleen M. Ruzzo
12. SOCIAL SECURITY NUMBER: 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
13a. USUAL OCCUPATION (Give kind of work done during most of working life. Do NOT use retired): Chemist/Lab Technician
13b. KIND OF BUSINESS OR INDUSTRY: Bungey North America
14a. RESIDENCE ADDRESS (House number, street name): 61 Charles Street
14b. CITY OR TOWN OF RESIDENCE, STATE & ZIP CODE: North Kingstown, RI 02852
15. MAILING ADDRESS — If different from residence address in item above (P.O. Box, RR, City/Town or Village, State, Zip Code):

**PARENTS**

16. FATHER — FIRST NAME: Henry | MIDDLE: | LAST: Littlefield
17. MOTHER — FIRST NAME: Dawn | MIDDLE: M. | MAIDEN NAME: Allen
18a. INFORMANT — NAME: Mrs. Colleen M. Littlefield
18b. MAILING ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code): 61 Charles Street, North Kingstown, RI 02852

**DISPOSITION**

19a. BURIAL CREMATION, DONATION, OTHER (Specify): Cremation
19b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place): Moshassuck Cemetery | CITY OR TOWN: Central Falls | STATE: RI
20a. SIGNATURE OF FUNERAL LICENSEE: Maria King
20b. FUNERAL HOME — NAME: Fagan-Quinn Funeral Home
20c. FUNERAL HOME/DIR. LICENSE NUMBER: FH138
20d. FUNERAL HOME ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code): 825 Boston Neck Road, North Kingstown, RI 02852

ITEMS BELOW TO BE COMPLETED BY CERTIFYING PHYSICIAN ONLY

**CERTIFIER**

R.I. law requires the name of the physician and the cause of death to be PRINTED or TYPED in BLACK INK. Signatures must also be in BLACK INK.

To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated
21a. (Signature): [signature]
DEGREE OR TITLE
21b. R.I. LICENSE NUMBER: 8146
21c. DATE SIGNED (Month, day, year): May 25, 2005
22. NAME OF CERTIFIER (Type or Print): P J Joseph
23. IF HOSP. OR INST. Indicate DOA, OP/Emer. Rm., Inpatient (Specify):
24. HOUR OF DEATH (If unknown, so state): 2:30am
25. ADDRESS OF CERTIFIER (Street or R.F.D. Number, City or Town, State, Zip Code): 1220 Pontiac Ave Cranston
26. WAS DEATH REFERRED TO MEDICAL EXAMINER (Specify Yes or No):
27a. NAME AND ADDRESS OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print):
27b. LENGTH OF ATTENDANCE (Specify hrs., wks., mos., yrs.):

**REGISTRAR**

28a. REGISTRAR (Signature): James D. Marques — James D. Marques, Town Clerk
28b. FILE DATE — DATE RECEIVED BY REGISTRAR (Month, day, yr.): May 25, 2005

**CAUSE OF DEATH**

SEE INSTRUCTIONS ON OTHER SIDE

29. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. | Approximate Interval Between Onset and Death

IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. Metastatic Colon Cancer — 9 months
DUE TO (OR AS A CONSEQUENCE OF):
Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST
b. with liver mets
DUE TO (OR AS A CONSEQUENCE OF):
c.
DUE TO (OR AS A CONSEQUENCE OF):
d.

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.
30a. AUTOPSY (Yes or No):
30b. If yes, were findings considered in determining cause of death?
31a. ACCIDENT (Specify Yes or No):
31b. DATE OF INJURY (Mo., day, yr.):
31c. HOUR OF INJURY:
31d. DESCRIBE HOW INJURY OCCURRED:
31e. INJURY AT WORK (Specify Yes or No):
31f. PLACE OF INJURY — At home, farm, street, factory, office building, etc. (Specify):
31g. LOCATION — STREET OR R.F.D. NUMBER / CITY OR TOWN / STATE:

R.I. Law requires Funeral Director to file this certificate with the City or Town Clerk at the Place of Death within 7 days.

VS-2 Rev. 1-88

I hereby certify that this is a true and exact copy of the document officially registered and placed on file in the issuing office.

03372080

Issuing Office: North Kingstown Town Clerk

Date of Issuance: May 25, 2005

Signature of Registrar: [signature]
James D. Marques, Town Clerk

THIS COPY VALID ONLY IF ISSUED ON PAPER WITH ENGRAVED BORDER DISPLAYING RAISED SEAL AND SIGNATURE OF STATE OR LOCAL REGISTRAR.

VS-81

MIDWEST BANK NOTE COMPANY

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

NAME OF DECEDENT FOR USE BY PHYSICIAN OR INSTITUTION ONLY