UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLLEEN LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CATHOLIC FAMILY LIFE INSURANCE COMPANY<br><br>Defendant. | : | C.A. No. 06-157 ML |

**ANSWER**

Defendant Catholic Family Life Insurance Company ("CFLI" or "Defendant") hereby responds as follows to the Complaint (the "Complaint") of Plaintiff Colleen Littlefield ("Littlefield" or "Plaintiff").

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

CFLI hereby responds as follows to the correspondingly numbered factual allegations of the Complaint:

**Parties and Jurisdiction**

1. CFLI lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 1, and therefore denies the same.

2. CFLI admits the allegations of Paragraph 2.

3. Paragraph 3 contains legal allegations and conclusions that require no response; however, to the extent that a response is required, those allegations are denied.

**Facts**

4. CFLI admits that it issued Policy number 99903082701 (the "Policy") to Michael Littlefield, but states that it was induced by fraud and/or material misrepresentation to issue the policy. CFLI lacks knowledge or information sufficient to form a belief as to the truth of the other factual allegations contained in Paragraph 4, and therefore denies the same.

5. Paragraph 5 purports to recite terms of the Policy, which is referenced in and incorporated in the Complaint. The terms of the Policy speak for themselves, and are the best evidence thereof. Therefore, CFLI makes no response to the allegations of Paragraph 5 concerning the content and terms of that document. To the extent that the terms of the policy differ from the allegations made in Paragraph 5, CFLI denies the same.

6. CFLI lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6, and therefore denies the same.

7. CFLI denies the allegations of Paragraph 7.

8. CFLI admits that the application ("Application") was filed with medical information supplied by Michael Littlefield and included a release for medical records. CFLI denies that the Application contained all requested medical information, and specifically states that such information was materially, and on information and belief, intentionally incomplete for the purpose of inducing the issuance of a Policy that otherwise would not have issued.

9. CFLI lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9.

10. CFLI denies the allegations of Paragraph 10.

11. CFLI admits that the required policy premiums had been paid by Michael Littlefield to CFLI.

12. CFLI admits that Colleen Littlefield notified CFLI of Michael Littlefield's death and requested payment of the policy coverage.

13. CLFI admits that the results of an investigation undertaken by CFLI after Michael Littlefield's death resulted in denial of payment under the policy.

14. CFLI admits that the Policy was contestable for two years from the date of issuance. CFLI denies the remaining allegations contained in Paragraph 14.

15. CFLI admits that it continues to deny payment under the policy. CFLI specifically denies the remaining allegations contained in Paragraph 15.

**Count I**
**(Breach of Contract)**

16. CFLI hereby restates its responses to Paragraphs 1-15 as if fully set forth herein.

17. CFLI denies the allegations of Paragraph 17.

18. CFLI denies the allegations of Paragraph 18.

**Count II**
**(Negligence)**

19. CFLI hereby restates its responses to Paragraphs 1-18 as if fully set forth herein.

20. Paragraph 20 contains legal conclusions and conclusions that require no response; however, to the extent that a response is required, those allegations are denied.

21. CFLI denies the allegations of Paragraph 21.

22. Paragraph 22 contains legal conclusions and conclusions that require no response; however, to the extent that a response is required, those allegations are denied.

23. CFLI denies the allegations of Paragraph 23.

24. CFLI denies the allegations of Paragraph 24.

**Count III**
**(Bad Faith)**

25. CFLI hereby restates its responses to Paragraphs 1-24 as if fully set forth herein.

26. CFLI denies the allegations of Paragraph 26.

27. CFLI denies the allegations of Paragraph 27.

28. CFLI denies the allegations of Paragraph 28.

29. CFLI denies the allegations of Paragraph 29.

**First Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the doctrine(s) of laches, waiver and/or estoppel.

**Second Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

**Third Affirmative Defense**

The claims in the Complaint must fail, in whole or in part, because Michael Littlefield materially misrepresented information on the Application, rendering the policy void.

**Fourth Affirmative Defense**

The claims in the Complaint must fail, in whole or in part, because Plaintiff and/or Michael Littlefield did, upon information and belief, commit fraud in the inducement.

**Fifth Affirmative Defense**

The claims in the Complaint must fail, in whole or in part, because Michael Littlefield breached an implied covenant of good faith and fair dealing present in the Policy between him and CFLI.

**Sixth Affirmative Defense**

To the extent that Plaintiff is deemed entitled to recover on any of her claims, in whole or in part, based on medical information and/or advice that was inaccurate, incomplete or otherwise tainted by negligence, Plaintiff's entitlement to recovery herein must be reduced and/or set off by the value of her recovery or claim for medical malpractice.

WHEREFORE, Defendant CFLI requests an Order of this Court denying and dismissing all claims and prayers for relief in the Complaint of Plaintiff Colleen Littlefield, and awarding Judgment against Littlefield, and in favor of CFLI, in the amount of CFLI's reasonable attorneys' fees and costs of suit.

CATHOLIC FAMILY LIFE
INSURANCE COMPANY

By its Attorneys,

Patricia A. Sullivan (#2120)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2006, a true and accurate copy of the within Answer was mailed, postage prepaid, to:

Karen Davidson
One Ship Street
Providence, RI 02903