UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLLEEN LITTLEFIELD, | : | |
| Plaintiff, | : | C.A. No. 06-157 |
| v. | : | |
| CATHOLIC FAMILY LIFE INSURANCE COMPANY | : | |
| Defendant. | : | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Catholic Family Life Insurance will serve the attached subpoena duces tecum on Dr. John Abadier, M. D. a/k/a Wahid J. Abadier, M.D., on November 9, 2006, or as soon thereafter as practicable. Pursuant to the attached subpoena, Dr. Abadier has been directed to produce the documents described in Exhibit A to the subpoena duces tecum at the offices of Edwards Angell Palmer & Dodge, 2800 Financial Plaza, Providence, Rhode Island, 02903 on November 17, 2006.

Patricia A. Sullivan (#2120)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Attorneys for Defendant
Catholic Family Life Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2006, a true and accurate copy of the within Subpoena *Duces tecum* and Notice of Subpoena was served:

Karen Davidson, Esq.
One Ship Street
Providence, RI 02903

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE JUDICIAL DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

V.

CATHOLIC FAMILY LIFE INSURANCE COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER – 06-157

TO: Dr. John Abadier, M.D.
a/k/a Wahid J. Abadier, M.D.
300 Toll Gate Road
Warwick, RI 02886

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| EDWARDS ANGELL PALMER & DODGE, LLP, 2800 Financial Plaza, Providence, RI 02903 | November 17, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (ATTORNEY FOR DEFENDANT) | DATE |
|---|---|
| Patricia Sullivan (PFT) | November 9, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Sullivan, Esq.; Edwards Angell Palmer & Dodge LLP; 2800 Financial Plaza; Providence, Rhode Island; (401) 274-9200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information,, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DOCUMENT REQUESTS

## DEFINITIONS AND INSTRUCTIONS

1. The term "Document" has the broadest meaning which can be ascribed to it pursuant to the Federal Rules of Civil Procedure, and means the original, and if the original is unavailable, any complete copy, of all handwritten, printed, typewritten, computer-generated, recorded, graphic or photographic material of any kind or character, as well as all tapes, discs, microfilm, microfiche, nonduplicate copies and transcripts thereof, now or formerly in your actual or constructive possession, custody, or control. Without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, drafts, letters, correspondence, telegrams, memoranda, electronic mail messages, calendars, diaries, records, minutes, contracts, agreements, notations of conversations or conferences, inter-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, electronic data processing cards and tapes, teletype messages, tape recordings, photographs, drawings, graphs, charts, tables, accounts payable reports, billing reports, electronic data, financial statements and records, invoices, work sheets, ledgers, vouchers, test results, and descriptions of test methods.

2. The term "communications" refers to all conversations, correspondence, or contacts between two or more persons, whether in person, in writing, by telephone, by electronic mail or by any other means.

3. The term "Action" shall mean and refer to a litigation pending in the Kent County Superior Court for the state of Rhode Island captioned _Michael Littlefield, Colleen Littlefield, and Colleen Littlefield as Parent and Next Best Friend of Elizabeth Littlefield, a Minor v. John Abadier, M.D. a/k/a Wahid J. Abadier, M.D., and Kent General & Vascular Surgeons, Inc._, CA No. KC05-0334. The term "Action" shall mean and refer to any proceedings in connection with the Action which preceded the filing of the Action as well as all events in connection with the Action following its initiation.

4. The term "you" or "your" refers to Dr. Abadier and his counsel in the litigation captioned _Michael Littlefield, Colleen Littlefield v., and Colleen Littlefield as Parent and Next Best Friend of Elizabeth Littlefield, a Minor v. John Abadier, M.D. a/k/a Wahid J. Abadier, M.D., and Kent General & Vascular Surgeons, Inc._

5. The period covered by these Requests is from January 1, 2001 through the date of your response.

6. These document requests are not intended to seek documents protected by the attorney-client privilege or documents protected by the work product doctrine, except

that any document which constitutes a verbatim or near verbatim witness statement as to which the work product doctrine is asserted, should be listed on a log which includes the identity of the witness, the date of the statement and the grounds for the assertion of work product protection.

**DOCUMENT REQUESTS**

1. All documents pertaining to the health of Michael Littlefield, including without limitation, all medical records within your custody and control.

2. All documents exchanged in discovery in the Action or obtained from any third party by any other party in the Action, including without limitation, medical records, third party statements, affidavits, interrogatory questions and answers, deposition transcripts, witness statements and any other such document.

3. All documents relating or referring to any insurance application made by Michael Littlefield for life insurance or health insurance, including all documents relating or referring to any communications in connection therewith.

4. All documents relating or referring to any medical appointments, tests, x-rays, CT Scans and medication prescribed for Michael Littlefield and any healthcare provider during, prior to and including September 30, 2003.

5. All documents pertaining to any communications between Michael Littlefield and any health care provider.

6. All documents that constitute statements by Michael Littlefield relating or referring to either his health or to life insurance, including without limitation, correspondence, deposition transcripts, affidavits, declarations, statements, and interrogatory answers.