UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLELFIELD,
Plaintiff,

VS. C.A. No. 06-157

CATHOLIC FAMILY LIFE
INSURANCE COMPANY
Defendant,

## NOTICE OF DEPOSITION

TO: Patricia Sullivan, Esquire
Edwards Angell Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Capitol Court Reporting
225 Reservoir Avenue
Providence, RI 02907

## NOTICE TO TAKE DEPOSITION

***PLEASE TAKE NOTICE,*** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, Colleen Littlefield, will take the deposition of Kim Ingram on February 7th at 10:00 a.m. at the office of Attorney Karen Davidson, One Ship Street, Providence, Rhode Island 02903. The deposition shall continue from day to day until completed, and will be taken before a Notary Public or some other officer authorized by law to administer an oath. The testimony will be recorded stenographically and videographically. You are invited to attend and participate in the manner provided for in the Rules of Civil Procedure.

A subpoena duces tecum will be served in connection with this deposition, directing deponent to produce the documents described in Exhibit A to the subpoena duces tecum.

/s/ Karen Davidson
Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 453-6200
(401) 331-6110 fax
Attorney for Plaintiff
Colleen Littlefield

**CERTIFICATION**

I hereby certify that on this 4th day of January, 2007 I mailed a true and accurate copy of the within Notice of deposition was served on:

Patricia A. Sullivan, Esquire
Caroline F. Turcotte, Esquire
Edwards Angell Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Capitol Court Reporting
225 Reservoir Avenue
Providence, RI 02907

/s/ Karen Davidson

# **EXHIBIT** A

To the extent not previously produced:

1. All documents relating and referring to the underwriting customs, practices and policies of Catholic Family Life Insurance Company during the period from January 1, 1997 to the present.

2. The whole claim file of the Defendant pertaining to Michael Littlefield and/or Colleen Littlefield.

3. All documents that relate or refer to information gathering or consideration of payment or evaluation on the Michael Littlefield life insurance policy.

4. All documents that relate or refer to communications in which Michael Littlefield and/or Colleen Littlefield were mentioned or discussed regarding life insurance, Michael Littlefield's health, or this litigation, including calendars and emails.

5. All documents relating to the treatment of hernias as a medical condition of an applicant or policyholder in the past 15 years, including, but not limited to, Michael Littlefield.

6. Other documents that may not be included in any of the above but pertain to Catholic Family Life Insurance Company directives instructions or procedures for evaluation of payment of life insurance benefits in any time during January 1, 1997 through the present.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLELFIELD,
Plaintiff,

VS. C.A. No. 06-157

CATHOLIC FAMILY LIFE
INSURANCE COMPANY
Defendant

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Colleen Littlefield is serving the attached subpoena duces tecum on Kim Ingram by serving their attorney, Patricia A. Sullivan, who is accepting service on their behalf.

/s/ Karen Davidson
Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 453-6200
(401) 331-6110 fax
Attorney for Plaintiff
Colleen Littlefield

**CERTIFICATION**

I hereby certify that on this 4th day of January, 2007 I mailed a true and accurate copy of the within Subpoena and Notice of deposition was served on:

Patricia A. Sullivan, Esquire
Caroline F. Turcotte, Esq
Edwards Angell Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Karen Davidson

%.A088 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

V.

CATHOLIC FAMILY INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:' 06-157

TO: PATRICIA A. SULLIVAN

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

E YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ONE SHIP STREET, PROVIDENCE, RI 02903 | FEBRUARY 7, 2005 |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | January 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONENUMBER

KAREN DAVIDSON, ONE SHIP STREET, PROVIDENCE, RI 02903
(401) 453-6200

(See Rule 45, Federal Rules ofCivil Procedure, Parts C & D on next page)

' If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shallenforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce andpermit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party saving the subpoena shall not be entitled to inspect and copymaterials a inspect the premises except pursuant to an order ofthe court by which the subpoena was issued. If object ion has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compli ance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that peison resides, is employed or regularly transacts business in peison, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attendtrial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires di sclosureof privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a peison to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describingspecific events oroccurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a partyor an offices of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot b e otherwise met without undue hard ship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or sh all organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.