UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD,
Plaintiff,

C.A. No. 06-157

VS.

CATHOLIC FAMILY LIFE
INSURANCE COMPANY
Defendant,

**RESPONSE IN SUPPORT OF**
**MOTION FOR EXTENSION OF TIME**

Plaintiff Littlefield has moved for an extension of time in which to disclose her experts and Defendant has objected. Defendant's objection does not completely address this issue and has left out very relevant facts **as** follows:

Plaintiff has taken the depositions of two of defendants' witnesses. These depositions were taken in the last few weeks. However, Plaintiff attempted to schedule these depositions for two months before they were actually conducted, since Defendant requested and received extension from Plaintiff. It was only after having the benefit of these two depositions that Plaintiff was able to determine additional necessary defense witnesses whom she needed to depose. This was discussed with defense counsel after the deposition of her second witness on December **28** and subsequent thereto. Plaintiff then noticed the deposition and filed subpoenas duces tecum for those three additional witnesses scheduling them here in Providence. Defendant's response to these deposition notices was to object to their being held in Providence, to object to production of any documents, and to object to the dates. These multiple objections were followed by a Defendant's January 5, 2007 letter that is page **4** of document 21, wherein Defendant states that the 3 witnesses <u>might</u> be available in Milwaukee on 3 days in January. Plaintiff's response of January 8, 2007 is attached hereto. As Your Honor can see from the attached response, Plaintiff has suggested multiple dates in January in Providence and is certainly not delaying. There has been no response to Plaintiff's suggested alternative dates.

These three depositions, and the information they provide, will determine who, if anyone, Plaintiff uses as experts. Consequently, Plaintiff requests an extension to make that informed decision.

However, Defendant has created a further issue as to whether these three depositions should be taken in Providence or in Milwaukee. This issue necessitates a Gerstein hearing on the issue of Plaintiff's ability to pay for taking depositions in Milwaukee. As Your Honor is aware, this case involves Defendants' refusal to pay out on a life insurance policy on Plaintiff's deceased husband. As Defendant knows, Plaintiff has been living on savings in the meantime, most of which are depleted. Plaintiff is also a stay at home Mom, for her young child who is suffering from post-traumatic stress disorder due to her father's death. This child must be home schooled and is emotionally not able to do be separated from her mother for more than four to five hours. Not only is there no money to take these depositions in Milwaukee, but it would also necessitate Plaintiff and her young daughter, as well as counsel, traveling to Milwaukee for multiple days with voluminous documents. On the other hand, Defendant insurance company is quite able to finance travel costs for their three witnesses to Providence, where they do business and maintain an office.

In summary, Plaintiff requests that her motion to extend time for disclosure of experts be granted until after she has taken the depositions of the three additional defense witnesses, all of which she has attempted to schedule. Further, Plaintiff requests that these depositions be held in Providence as it is more expedient and not financially feasible for these depositions to go forward in Milwaukee. Alternatively, the scheduling of these depositions may necessitate a Gerstein hearing which would further delay the depositions and the discovery schedule.

WHEREFORE, Plaintiff respectfully requests that Your Honor grant her motion for an extension of time and modify the subsequent discovery deadlines accordingly and that the depositions be scheduled here in Providence due to the Gerstein considerations.

Respectfully submitted,

Plaintiff, by her Attorney,

/s/ Karen Davidson
Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 453-6200
(401) 331-6110 fax

CERTIFICATION

I hereby certify that on this 10th day of January, 2007, I sent ECF and faxed a true and accurate copy of the within Response to:

Patricia A. Sullivan, Esq,
Caroline F. Turcotte, Esq.
Edwards, Angell, Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Karen Davidson #3182

**Karen Davidson**
**Attorney At Law**

January 8, 2007

Patricia A. Sullivan, Esquire
Partner
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Re: Littlefield v. Catholic Family Life Insurance

Dear Pat:

I am writing regarding to the depositions of your clients, Kim Ingram, the 30 (b)(6) designee and Cathy Hartwig. I am not able to take their depositions on the days you proposed since I am fully booked and I would like the depositions here in Providence, not in Milwaukee. You indicated that you would like to finish before January 31st. The days I currently have available are January 11th, January 15th. after 11:00 a.m., January 19th, January 22nd after 10:00 am., January 24th, January 25th, January 26th, January 29th and January 31st. I understand that you have not determined whether Cathy Hartwig is the 30(b)(6) designee. Consequently I will notice her deposition specifically and it is enclosed herewith.

I am waiting to hear back from Ms. Littlefield regarding her deposition and the pending question.

Kindly respond to my January 4th letter.

Very uly yours,

Karen Davidson

KD/sdr

One Ship Street, *Providence,* RI 02903
401-453-6200; Fax 401-3314110
icklavidsonjd@yahoo.cozn