AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

**V.**

CATHOLIC FAMILY LIFE INSURANCE COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1] 06-157

TO: Vincent D. Mogera, Esq.
One Turks Head Place, Suite 1110
Providence, RI 02903

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02906 | January 19, 2007 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Catholic Family Life Insurance Company | January 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Sullivan, Esq. (#2120), Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903
(401)274-9200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

**PROOF OF SERVICE**

| | |
|---|---|
| DATE: 1/5/07 | PLACE: One Turks Head Place Suite 1100 Providence RI |

SERVED

| | |
|---|---|
| SERVED ON (PRINT NAME): Vincent D. Mogera | MANNER OF SERVICE: In-Hand |
| SERVED BY (PRINT NAME): Kyle Morrison | TITLE: Constable #6137 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1/5/07
DATE

SIGNATURE OF SERVER

1845 Atwood Avenue
ADDRESS OF SERVER
Johnston, RI 02919

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information,, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DOCUMENT REQUESTS**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Document" has the broadest meaning which can be ascribed to it pursuant to the Federal Rules of Civil Procedure, and means the original, and if the original is unavailable, any complete copy, of all handwritten, printed, typewritten, computer-generated, electronic, recorded, graphic or photographic material of any kind or character, as well as all tapes, discs, microfilm, microfiche, nonduplicate copies and transcripts thereof, now or formerly in your actual or constructive possession, custody, or control. Without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, drafts, letters, correspondence, telegrams, memoranda, electronic mail messages, calendars, diaries, records, minutes, contracts, agreements, notations of conversations or conferences, inter-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, electronic data processing cards and tapes, teletype messages, tape recordings, photographs, drawings, graphs, charts, tables, accounts payable reports, billing reports, electronic data, financial statements and records, invoices, work sheets, ledgers, vouchers, test results, and descriptions of test methods.

2. All electronically stored information shall be produced in native electronic format, together with all metadata associated therewith.

3. The term "communications" refers to all conversations, correspondence, or contacts between two or more persons, whether in person, in writing, by telephone, by electronic mail or by any other means.

4. The term "Action" shall mean and refer to a litigation pending in the Kent County Superior Court for the state of Rhode Island captioned *Michael Littlefield, Colleen Littlefield, and Colleen Littlefield as Parent and Next Best Friend of Elizabeth Littlefield, a Minor v. John Abadier, M.D. a/k/a Wahid J. Abadier, M.D., and Kent General & Vascular Surgeons, Inc.*, CA No. KC05-0334. The term "Action" shall mean and refer to any proceedings in connection with the Action which preceded the filing of the Action as well as all events in connection with the Action following its initiation.

5. Except as otherwise specified, the period covered by these Requests is from January 1, 2001 through the date of your response.

**DOCUMENT REQUESTS**

1. The notes used by plaintiff Michael Littlefield in connection with his testimony at his deposition *de bene esse* held in the Action on April 14, 2006, as referred to on pages 15-16 thereof, as well as any documents that relate or refer to the notes or the contents of the notes.

2. Notes, transcripts, depositions, memoranda, emails and all other documents relating or referring to communications, statements or summary of statements by plaintiff Michael Littlefield regarding his health during the period from May 1, 2003, until September 20, 2003.

3. Notes, transcripts, depositions, memoranda, emails and all other documents relating or referring to communications, statements or summary of statements by plaintiff Colleen Littlefield regarding the health of Michael Littlefield during the period from May 1, 2003, until September 20, 2003.

4. Notes, transcripts, depositions, memoranda, emails and any other documents relating or referring to communications, statements or summary of statements by other family members of plaintiff Colleen Littlefield or Michael Littlefield regarding the health of Michael Littlefield during the period from May 1, 2003, until September 20, 2003.

5. All documents, including transcripts, depositions, emails, reports, statements, analyses, comments, and opinions, including without limitation all drafts thereof, by any physician or health care provider, including persons providing information in an expert or consulting capacity in the Action, regarding the health of Michael Littlefield from the period May 1, 2003, until September 20, 2003.

6. All documents from any source whatsoever pertaining to Michael Littlefield's employment during the year 2003, including without limitation, tax returns, W-2 forms, and any other documents or information relating or reflecting to Michael Littlefield's self employment or employment by any third party. This request includes the production of all documents that relate or refer to the actual work schedule of Michael Littlefield, including the hours worked on each day during 2003.

7. All documents that relate or refer to any calendars or other documents reflecting the dates and times of appointments for Michael Littlefield and Colleen Littlefield during 2003.

8. All documents that relate or refer to the timing of events and/or the events themselves in connection with any appointments scheduled by or for Michael Littlefield and/or Colleen Littlefield on August 25, 2003, and/or September 19, 2003, including without limitation, all documents that relate or refer to an appointment with Dr. John Abadier (including all documents that relate or refer to the time of day of any such appointment), and all documents that relate or refer to an appointment with a

representative of Catholic Family Life Insurance ("CFLI") in connection with life insurance.