IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

Vs C.A. No. 06- 5'i

CATHOLIC FAMILY LIFE INSURANCE COMPANY

AMENDED

**COMPLAINT**

PARTIES & JURISDICTION

1. Plaintiff, Colleen Littlefield, is and at all relevant times has been a Rhode Island resident of North Kingstown, Rhode Island.

2. Defendant, Catholic Family Life Insurance Company (hereinafter "CFLI") is upon information and belief, a Milwaukee, Wisconsin company and/or a Fraternal Benefit Society, headquartered there and licensed to do business in the State of Rhode Island.

3. This Court has subject matter jurisdiction over the Plaintiffs claims pursuant to 28 U.S.C. §1332(a)(1), as the parties are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

FACTS

4. At all relevant times hereto, Colleen Littlefield was the wife of decedent Michael Littlefield, who was the named insured of a CFLI term life insurance policy #99903082701 with the policy term of September 9, 2003 through September 9, 2023. (hereinafter "The Policy," See Exhibit 1)

5. Colleen Littlefield was the beneficiary of The Policy.

6. The application for The Policy was completed in North Kingstown, Rhode Island, on August 28, 2003 by Michael Littlefield. (hereinafter "The Application," see Exhibit 2.)

7. The Application was completed with the assistance of CFLI examiner and agent, Donna Carroll, in North Kingstown, Rhode Island.

8. The Application included medical information and, as requested, authorized release of all medical records of Michael Littlefield to CFLI and/or its agents.

9. On or about May 25, 2005, Michael Littlefield died in North Kingstown, Rhode Island due to metastatic colon cancer. (See Exhibit 3, death certificate.)

10. At the time of The Application and for nearly one year thereafter, there was no evidence of or diagnosis of cancer.

11. All required premiums had been paid by the Littlefields to CFLI and pursuant to The Policy terms, before Michael Littlefield's death.

12. Pursuant to The Policy requirement, Colleen Littlefield notified CFLI of her husband's death and requested payment of the $300,000 policy coverage.

13. Thereafter, an investigation was performed by CFLI and/or its agent which resulted in the denial of payment under the policy.

14. The basis for CFLI's denial was that The Policy was contestable for two years from date of issuance and that Michael Littlefield did not disclose a follow-up medical appointment.

15. Notwithstanding Michael Littlefield's proper disclosures of physicians and treatments on The Application, CFLI has continued to deny coverage for the death of Michael Littlefield.

COUNT I
BREACH OF CONTRACT

16. Colleen Littlefield incorporates paragraphs 1 through 15 as if set forth fully herein.

17. CFLI's denial of the Plaintiffs claims is a breach of the insurance agreement (The Policy) between the parties.

18. As a direct result of the Defendant's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

COUNT II
NEGLIGENCE

19. Colleen Littlefield incorporates paragraphs 1 through 15 of the Complaint and Count I as if set forth fully herein.

20. Defendant based its denial of Plaintiffs claim on nondisclosure of medical information, specifically a follow-up appointment.

21. The Application fully answers all questions asked by Defendant. In addition, Michael Littlefield provided for release of all medical information to CFLI. Defendant's conclusion that not specifically listing a follow-up appointment would allow CFLI to avoid payment under The Policy is wholly unreasonable.

22. Defendant had an opportunity to and a duty to conduct a reasonable investigation of the circumstances predating The Application and clearly failed to do so. Additionally, no medical information available prior to The Application showed any cancer.

23. The follow up appointment excuse has been negligently relied upon in favor of the insurer who prepared the policy and CFLI will financially benefit if allowed to avoid payment of the loss herein.

24. As a proximate result of the Defendant's breach of duty, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

## COUNT III
## BAD FAITH

25. Colleen Littlefield incorporates paragraphs 1 through 15 of the Verified Complaint and Counts I and II as if set forth fully herein.

26. The Defendant's denial of Plaintiffs claim is unreasonable inasmuch as it is not predicated on questionable facts adduced during a fair investigation but rather upon CFLI's false claims of non disclosure.

27. Furthermore, there was no evidence of any cancer at the time of The Application or for nearly a year afterward.

28. The Defendant breached its covenant of good faith and fair dealing implicit in its contractual relationship with Plaintiff and the decedent and Defendant has wrongfully and in bad faith denied Plaintiffs claim.

29. The Defendant's refusal to honor the claim present is in bad faith and expressly a violation of R.LG.L. 9-1-33.

WHEREFORE, Plaintiff demands judgment against the Defendant for contractual and compensatory damages in excess of Three Hundred Thousand ($300,000.00) Dollars, punitive damages in excess of Three Hundred Thousand ($300,000.00) Dollars, plus costs, interest, reasonable attorney fees and such other relief as this Honorable Court deems just.

**COUNT IV**
**UNJUST ENRICHMENT**

30. Colleen Littlefield incorporates paragraphs 1-15 of the Amended Complaint and Counts I, II and III as if set forth fully herein.

31. On November 5, 1997, Michael Littlefield applied for a Fifty Thousand ($50,000) dollar 20 year term life insurance policy with Catholic Family Life Insurance Company and its agent Donald Demas. Hereinafter "The $50,000, 1997 Application". (See Exhibit IV).

32. Subsequently, Catholic Family Life Insurance Company issued a Fifty Thousand (50,000) dollar term life insurance policy to Michael Littlefield.

33. On February 13, 2003 Michael Littlefield applied for and eventually received a Ten Thousand ($10,000) dollar increase in the form of a rider attached to his Fifty Thousand ($50,000) dollar policy. (Defendant later destroyed the Fifty Thousand ($50,000) dollar policy.)

34. In August of 2003, Michael Littlefield applied for and received a Three Hundred Thousand ($300,000) dollar Policy from Defendant through its agent Donald Demars (Exhibit I).

35. The 1997 Policy and Ten Thousand ($10,000) dollar rider were cancelled after the Three Hundred Thousand ($300,000) dollar Policy was issued by Defendant.

36. Consequently, at the time of issuance of The Policy for Three Hundred Thousand ($300,000) dollars on September 9, 2003, Michael Littlefield had in existence The 1997 Fifty ($50,000) dollar Policy and the Ten Thousand ($10,000) rider.

37. After Michael Littlefield died, Defendant has failed and refused to pay out on said Sixty Thousand ($60,000) dollar Policy and rider and, in addition, has failed and refused to pay out on the Three Hundred Thousand ($300,000) dollar 2003 policy.

38. Defendant has been unjustly enriched not only as a result of non- payment of the Three Hundred ($300,000) dollar policy but also as a result of non-payment of the Sixty Thousand ($60,000) dollar policy.

WHEREFORE, Plaintiff demands judgment against the Defendant for Unjust Enrichment damages in the amount of Three Hundred Sixty Thousand ($360,000) dollars, punitive damages in excess of Three Hundred Sixty Thousand ($360,000)

dollars, plus interest, costs, reasonable attorney's fees and such other relief as this Honorable Court deems just..

COLLEEN LITTLEFIELD
By her Attorney,

/s/______________
Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 463-6200
(401) 331-6110 fax

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES TRIABLE BY RIGHT OF JURY AND DESIGNATES ATTORNEY KAREN DAVIDSON AS TRIAL COUNSEL**

**CERTIFICATION**

I hereby certify that on this 24th[d] day of August, 2007 I ECF filed and faxed a true and correct copy of the within to:

Patricia A. Sullivan, Esq,
Edwards, Angell, Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Karen Davidson #3182

**ADI1Od**

**I INIIHXH**

If the insured dies while this policy is in force:

Catholic Family Life Insurance will pay the death benefit proceeds of this policy to the beneficiary, subject to the provisions herein. The death benefit proceeds are defined in Section IV. **We** also will provide the other rights and benefits of this

READ YOUR POLICY CAREFULLY." This is a legal contract between you and Catholic Family Life Insurance. If there is a question, or it there is a claim, contact your representative or our Home Office.

RIGHT TO CANCEL. You may cancel; this policy by delivering or mailing to us or the agent a written notice to Catholic Family Life Insurance, 15•2 East Capitol Drive, Milwaukee, Wisconsin 53211, and returning the policy to us or our representatives before midnight of the twentieth day after the date you receive the policy. Notice given by mail and return of the policy or contract by mail are effective on being postmarked, properly addressed and postage prepaid. We will return all payments made for this policy within ten days after we receive notice of cancellation and the returned policy.

Signed at our Home Office in Milwaukee, Wisconsin on the policy date.

Secretary

President

**20 YEO LEVEL TERM LIFE INSURANCE**
**DEATH BENEFIT PAYABLE AT DEATH OF INSURED PRIOR TO THE EXPIRY DATE.**
**PREMIUMS PAYABLE AS SCHEDULED IN SECTION I AND II.**
**RENEWABLE TO AGE 70, CONVERTIBLE TO AGE 65.**
**PARTICIPATING.**

Catholic Family Life.Inurance
1572 E. Capitol Drive • Milwaukee, WI 53211
1 **800** 227-CFp

**A FRATERNAL BENEFIT SOCIETY**
**MILWAUKEE, WISCONSIN**

*aize* *4whal* we L.

U-461-600

# TABLE OF CONTENTS

**Your policy contains the following sections:**


| | Page |
|---|---|
| POLICY DATA | **3** |
| TABLE OF TERM PERIODS AND PREMIUMS | **4** |
| DEFINITIONS | 5 |
| DEATH BENEFIT | 5-6 |
| Death Benefit Proceeds Defined | 5 |
| Suicide | 6 |
| Payment of Proceeds | 6 |
| PREMIUMS | 6-7 |
| Payment | 6 |
| Frequency | 6 |
| Grace Period | 6 |
| Nonpayment of Premiums | 7 |
| Change of Premium | 7 |
| Reinstatement | 7 |
| SURPLUS REFUNDS | 8 |
| Divisible Surplus | 8 |
| Surplus Refund Options | 8 |
| RENEWAL | 8-9 |
| Renewal Privilege | 8 |
| Renewal Term Periods | 8 |
| Renewal Premiums | 8 |
| Automatic Disability Renewal | 9 |

| | Page |
|---|---|
| CONVERSION | 9 |
| Conversion Privilege | 9 |
| Conversion Rules | 9 |
| Automatic Disability Conversion | 9 |
| SETTLEMENT OPTIONS | 10-11 |
| General | 10 |
| Conditions | 10 |
| Options | 10-11 |
| Settlement Option Agreement | 11 |
| Proof of Age and Survival | 11 |
| GENERAL PROVISIONS | 12-14 |
| The Contract | 12 |
| Membership | 12 |
| Owner | 12 |
| Change of Owner | 12 |
| Beneficiary | 13 |
| Change of Beneficiary | 13 |
| Assignment | 13 |
| Conformity | 13 |
| Incontestability | 13 |
| Misstatement of Age or Sex | 13 |
| Reserves and Maintenance of Solvency | 14 |
| Termination | 14 |

## SECTION 1
## POLICY DATA

AGE: 34 SEX: MALE

TOTAL PREMIUMS AT ISSUE:

OWNER: MICHAEL LITTLEFIEDL

| | |
|---|---|
| ANNUAL: | $370.00 |
| SEMI-ANNUAL: | $188.70 |
| QUARTERLY: | $96.20 |
| MONTHLY: | $31.45 |

PREMIUM CLASS: PREFERRED

POLICY DATE: September 9, 2003

SURPLUS REFUND OPTION: On Deposit

EFFECTIVE ANNUAL INTEREST RATE FOR REINSTATEMENTS: 6.00%

Beneficiary: As stated in the application unless subsequently changed.

INSURED: MICHAEL LITTLEFIELD

POLICY NUMBER: 99903082701

## SCHEDULE OF BENEFITS AND PREMIUMS

| BENEFITS DESCRIPTION | AMOUNT | MATURITY OR EXPIRY | ANNUAL PREMIUM | PREMIUM PAYABLE |
|---|---|---|---|---|
| 20 Year Level Term Renewable to age 70 | $300,000 | 09/09/2039 | $370.00 | 1 Year |

SECTION II

TABLJE OF TERM PERIODS AND PREMIUMS

| TERM PERIOD | POLIO YEAR | CURRENT ANNUAL PREMIUM AS OF POLICY DATE | MAXIMUM GUARANTEED ANNUAL PREMIUM |
|---|---|---|---|
| 1 | 1 | $370.00 | $370.00 |
| 1 | 2-201 | $370.00 | $1,339.00 |
| 2 | 21-36 | $1,927.00 | $6,538.00 |

INSURED: MICHAEL LITTLEFIELD POLICY NUMBER: 99903082701

# SECTION III

## DEFINITIONS

YOU or YOUR means the owner of this policy. The owner is as shown in Section I, Policy Data, unless later changed as provided in this policy. The owner may be someone other than the insured.

WE, OUR or US means Catholic Family Life Insurance.

The INSURED is the person named as he insured in Section I.

The PAYEE is any person who has the right to receive the proceeds according to the provisions of Section IX.

The BENEFICIARY is the person who has a right to receive the death benefit proceeds.

The POLICY is this basic document plus any amendments or endorsements, not including the application or any riders.

A RIDER is an attachment to the policy It provides additional benefits.

The CONTRACT is this policy, together with the application and any riders. Our Articles of Incorporation and By-Laws also are part of the contract.

AGE means the age of the insured on l1is or her last birthday.

The POLICY DATE is the date this policy goes into effect. It is shown in Section I.

Policy YEARS, ANNIVERSARIES and MONTHS are measured from the policy date shown in Section I. Policy anniversary means the same month and day as the policy date for each year the policy remains in force. The first policy year begins on the policy date and ends at 11:59 p.m. on the day priorto the first policy anniversary. Subsequent policy years begin on a pol cy anniversary and end at 11:59 p.m. on the day prior to the next policy anniversary.

WRITTEN NOTICE means information received at our Home Office. Such information must be written, signed by you, and acceptable to us.

IN FORCE means the insured's life re mains insured under the terms of this policy. This policy is in effect.

TERMINATE means the insured's life no longer insured under any of the terms of this policy. This policy is no longer in effect.

# SECTION IV

## DEATH BENEFIT

### DEATH BENEFIT PROCEEDS DEFINED

Your policy has the following value which is determined on the date of the insured's death. These proceeds consist of:

a. the death benefit amount as shown in Section I; plus
b. the value of any surplus refunds left on deposit; plus
c. any premium paid beyond the cOendar month in which the insured's death occurs; minus
d. any premium due.

### SUICIDE

If the insured dies by intentional self-destruction within two years (except one year when required by law) of the policy date, the only amount payable to the beneficiary will be the sum of the premiums paid.

### PAYMENT OF PROCEEDS

The death benefit proceeds will be paid to the beneficiary within thirty days after we receive due proof of the insured's death. The proceeds will be paid in a single sum unless a settlement option has been selected. All payments by us are payable at our Home Office.

Interest will accrue on death benefit proceeds from the date of the insured's death to the date of payment. The rate of such interest will be determined by II, but never less than the rate required by law.

# SECTION V

# PREMIUMS

### PAYMENT

The first premium is due and must be paid as of the policy date. All premiums after the first premium are payable on or before the date they are due and must be mailed to our Home Office or paid to an authorized representative. If you want a receipt for premium paymert, we will give you one upon request.

The premiums for your policy,are payable for the period shown in Section I or until the prior death of the insured.

### FREQUENCY

You may pay your premiums once a year, twice a year, four times a year, or twelve times a year. These premiums are shown in your policy as the annual, semiannual, quarterly or monthly premiums. Monthly premium payment is subject to the rules established by us.

Premium due dates are determined by he frequency you select:

a. Annual premiums are due on the first day of each policy year;
b. Semiannual premiums are due on the first day of each policy year and every 6 months thereafter;
c. Quarterly premiums are due o the first day of each policy year and every 3 months thereafter;
d. Monthly premiums are due on tihe same day in each calendar month as the day in the policy date.

You may change the frequency of your premium payment with our approval.

### GRACE PERIOD

You are allowed a grace period of 45 days for the payment of all premiums after the first premium. This means that if a premium is not paid on or before tit date it is due, you may pay that premium during the 45-day period immediately following the due date. Du ing this grace period your policy continues in force. If the insured should die during the grace period, the amount of any due and unpaid premium will be deducted from the proceeds.

## tllONPAYMENT OF PREMIUMS

If any premium due is unpaid at the lend of the grace period, your policy will terminate.

## CHANGE OF PREMIUM

The Schedule of Benefits and Premium in Section I and Table of Term Periods and Premiums in Section II shows the actual annual premium for this polic on the policy date. The actual annual premium is the premium that is payable; it remains in effect unless changed in accordance with this provision.

Commencing on the first policy anniversary, we annually will review the actual premiums to be charged the ensuing policy year according to future expectations as to one or more factors, including:

a. mortality;
b. interest;
c. expenses; and
d. persistency.

The actual annual premium in effect on any policy anniversary during the first; term period, however, may never be greater than the maximum guaranteed annual premium shown in Section II. The actual annual premium during any renewal term period may not be greateti than the maximum guaranteed annual premium for that renewal term period, also as shown in Section II. Extra premiums charged due to a special premium class will not be subject to annual review. Premiums for riders attached to this policy are not subject to annual review.

No change in premium will occur because of a change in health of the insured. Any change in premium will not result in a change in the guaranteed benefits provided by this policy.

Any change in premium will be on a uniform basis for all insureds:

a. with the same age at issue;
b. of the same sex; and
c. in the same premium class,

and whose policies have been in force for the same length of time.

## REINSTATEMENT

Within five years after termination, you may restore your policy and any attached riders to a premium paying basis. We will require:

a. your written notice to reinstate the policy;
b. evidence of insurabilityaatisfactory to us;
c. payment of all past due premiums on your policy;
d. payment of interest at the rate shown in Section I on all past due premiums.

## SECTION VI

## SURPLUS REFUNDS

### DIVISIBLE SURPLUS

Our Board of Directors determines annually if this policy will share in the divisible surplus accruing from participating polices. This share, if any, is called a surplus refund and is credited to this policy on the policy anniversary. As of the policy date, we do not expect any divisible surplus to accrue from this policy.

### SURPLUS REFUND OPTIONS

At your option, surplus refunds may be:

a. left on deposit at interest at suc rate as our Board of Directors may from time to time declare, but never less than 3%; or
b. paid in cash; or
c. used to pay a premium on this contract.

Surplus refund accumulations may be withdrawn at any time upon written notice. Unless elected otherwise, Option a. will be applied.

## SECTION VII

## RENEWAL

### RENEWAL PRIVILEGE

If this contract is in force at the end of any term period, we will renew this contract for an additional term period. No evidence of insurability will be required.

### RENEWAL TERM PERIODS

Renewal term periods are shown in Section II.

Renewal term periods begin on a policy anniversary for the policy year shown in Section II. Renewal term periods end on the last day of the policy year shown in Section II. The final expiry date for this policy is shown in the Schedule of Benefits and Premiums in Section I.

All the benefits provided by this contract remain in force during a renewal term period, provided premiums are paid in accordance with policy provisions.

### RENEWAL PREMIUMS

To renew this contract you must pay a enewal premium on or before the end of the preceding term period or within a grace period of 45 days thereafter. e will notify you of the renewal premium amount. Renewal premiums thereafter are payable, and are subject to change, in accordance with the premium provisions in Section V. The guaranteed maximum annual renewal remiums for this policy, along with the annual premiums for any riders attached to this policy and any additional annual premiums charged because of a special premium class, are shown in Section II.

## AUTOMATIC DISABILITY RENEWAL

If, at the end of any renewal term period which is prior to the policy anniversary on or following the insured's 65th birthday, premiums are being waived in accordance with a disability waiver of premium benefit rider attached to this policy, this contract will be renewed aut , matically. In this event, any renewal premiums falling due during the continuation of such disability will be waived.

# SECTION VIII

# CONVERSION

## CONVERSION PRIVILEGE

At any time prior to the policy anniversary on or following the insured's 65th birthday, this policy may be converted to a new policy upon your written request, provided:

a. this policy is then in force, and
b. the insured is not then eligible ftr any disability waiver of premium benefit attached to this policy.

## CONVERSION RULES

The following rules will apply:

a. The new policy may be any permanent life insurance plan we then issue.
b. The death benefit amount of tile new policy may not be less than the minimum amount we then issue for the plan selected or greater than the death benefit amount of this policy.
c. Evidence of insurability will pt be required. If you request riders to be added to the new policy, satisfactory evidence of insurability for those riders may be required. If a disability waiver of premium rider is in effect in this contract and the insured is not disabled at the time of conversion, the new contract automatically will contain a waiver of premium rider, unless you decide otherwise.
d. The premium for the new policy will be determined according to the sex and age last birthday of the insured on the date of conversion, and according to the same premium class as this policy.
e. The policy date of the new poll will be the date of conversion.
f. The first premium on the new licy must be paid on or before the date of conversion.
g. The Suicide and Incontestabilit provisions of the new policy will be measured from the policy date of this policy.

## AUTOMATIC DISABILITY CONVERSION

If, on the policy anniversary on or following the insured's 65th birthday, premiums are being waived in accordance with a disability waiver of premium benefit rider attached to this policy, this policy will be converted automatically to a whole life policy with the same death benefit amount as this policy. A disability waiver of premium benefit rider also will be included automatically with the new contract. In this event, any premium on the new contract falling due during continuation of such disability will be waived.

The date of conversion will be the policy anniversary on or following the insured's 65th birthday. The other conversion rules set forth in the Conversion Rules provision above, as appropriate, will apply to this conversion.

# SECTION IX

# SETTLEMENT OPTIONS

## GENERAL

Normally at the insured's death the proceeds of the policy are paid in a single sum. However, prior to the insured's death, you may select any other form of settlement which may be mutually agreed upon with us, unless the previous choice provides otherwise.

If no settlement option has been selected at the insured's death, the beneficiary may make such a selection.

A person named to receive payments u der an option is a payee under the option.

r

## CONDITIONS

A choice of a settlement option must bed in writing in a form approved by us. Our consent is needed for a settlement option to be used for any payee under 4ny of these conditions:

a. The payee is not a natural person.
b. The proceeds to be applied to the option are less than $5,000.
c. Each payment to the payee would be less than $100.

## OPTIONS

You may select one of the following options. In addition, you may select any other option, or combination of options, which is mutually agreeable.

OPTION 1. INSTALLMENTS FORA FIXED PERIOD. We will pay a monthly,'quarterly, semiannual or annual income for a fixed number of installments. The amount of each installment is based on a rate of interest of 3% per annum. If the payee dies before all inst,Ilments have been paid, the remaining installments will be paid to the beneficiary of this settlement option. Thee amount of annual or monthly income per $10,000 of proceeds is:

| | INSTALLMENTS | |
|---|---|---|
| Years Payable | Annual | Monthly |
| 5 | 2,119.95 | $179.07 |
| 6 | 1,792.21 | 151.38 |
| 7 | 11,558.31 | 131.63 |
| 8 | 1,383.07 | 116.82 |
| 9 | 1246.93 | 105.32 |
| 10 | 1138.16 | 96.14 |
| 15 | 813.27 | 68.89 |
| 20 | 652.58 | 55.12 |

Amounts for other durations or frequencies will be furnished upon request.

OPTION 2. LIFE ANNUITY WITH PERIOD CERTAIN. We will pay a monthly income to one specified payee for a specific period of 10 or 20 years. We will continue the monthly payments after the expiration of the specified period as long as that payee is alive. If that payee dies before the expiration of the specified period, the remaining monthly payments will be paid to the beneficiary, of this settlement option. The amount of monthly income per $10,000 of proceeds is:

**- - - LIFE ANNUITY WITH PERIOD CERTAIN - - -**

| | 10 Years | | 20 Years | |
|---|---|---|---|---|
| Age | Male | Female | :Male | Female |
| 45 | $41.97 | $39.21 | $41.09 | $38.83 |
| 50 | 45.10 | 41.77 | 43.65 | 41.09 |
| 55 | 49.07 | 45.05 | 46.58 | 43.83 |
| 60 | 54.21 | 49.34 | 49.74 | 47.05 |
| 65 | 60.79 | 54.97 | 52.78 | 50.53 |
| 70 | 68.74 | 62.30 | 55.17 | 53.75 |

Amounts for other ages will be furnished upon request.

OPTION 3. INSTALLMENTS FOR A FIXED AMOUNT. We will make equal payments every one, three, six or twelve months as chosen. The payments will run until the proceeds applied together with interest at the rate of at least 3% a year on the unpaid balance are fully paid. The final payment will be any balance equal to or less than one payment. If the payee dies before all installments have been paid, the remaining balance, including accrued interest, will be paid to the beneficiary of this settlement option.

OPTION 4. PROCEEDS AT INTEREST. We will pay interest annually on the proceeds retained at the rate of at least 3% per annum. At the death of the; .payee we will pay the principal and any accrued interest to the beneficiary of this settlement option.

We may, at the time a settlement option is exercised under Options 1 or 2, provide a monthly income in excess of that guaranteed above.

In addition to the payment guaranteed under Options 3 and 4, excess interest may be paid or credited from time to time at such rate as our Board of Directors shall declare.

## SETTLEMENT OPTION AGREEMENT

We will issue a settlement option agreement on the date of settlement. It will show the rights and benefits of the payee under the settlement option elected. The agreement will include provisions regarding withdrawal rights and the payment of proceeds remaining at t(le death of the payee. So far as permitted by law, no amount payable under these settlement options shall be assigned or pledged or subject to the claims of creditors of the payee.

## PROOF OF AGE AND SURVIVAL

Before making payments under Option 2, we may require satisfactory, proof of the age and sex of the person on whose life payments are based. If payment under an option depends on survival of the payee, we may require satisfactory evidence that the payee is living when the payment becomes due.

# SECTION X

# GENERAL PROVISIONS

## THE CONTRACT

This contract is issued in consideration of:

a. your application;
b. the payment of premiums; and •
c. the policy and rider provisions.

The contract consists of:

a. this policy;
b. any additional benefits provided by rider;
c. the attached application;
d. any required medical examination or declaration of insurability; and
e. our Amended and Restated Articles of Incorporation and By-Laws, as amended from time to time.

No change in our Articles or By-Laws niade after the policy date shall reduce or change the benefits promised in this policy.

All statements made in the application are representations and not warranties. We cannot use any statement to invalidate the policy nor to defend agairist a claim unless that statement is contained in the written application.

No agent or person other than the President or Secretary has the authority to, change or modify this policy or waive any of its provisions.

## MEMBERSHIP

A Benefit Member is a practicing Catho is 18 years of age or more upon whose life a policy of insurance or annuity has been issued, or who receives a settlement agreement benefit by virtue of such insurance. This membership cannot be transferred. The membershij3 rights are stated in our Amended and Restated Articles of Incorporation and By-Laws. This policy may be continued in force even if membership in our society is terminated.

## OWNER

The owner is the person named in Section I, Policy Data. The rights and privileges contained in this policy may be exercised only by you, the owner. This includes the right to change the ownership. You can exercise those rights by making written request to us.

## CHANGE OF OWNER

The owner may transfer all ownership rights and privileges to a new owner. The transfer must be in writing on a form satisfactory to us. The change wilt be effective when we receive it. Any payment made or any action taken or allowed by us before the change is recorded will not prejudice us. If not provided otherwise, a change of owners will not affect the interest of any beneficiary.

## BENEFICIARY

The beneficiary:

a. will receive the proceeds when the insured dies;
b. is named in the application for this policy; and
c. may be changed by the owner. the change is subject to the terms shown in the Change of
d. Beneficiary provision.

If not otherwise provided:

1. The interest of any beneficiary who dies before the insured will pass to any other beneficiaries according to their interests.
2. If no beneficiary survives the insured, the proceeds will be paid in one sum to the owner, if living. If the owner is not living, the proceeds will be paid to the owner's estate.

## CHANGE OF BENEFICIARY

The owner may change the beneficiary designation:

a. while the insured is alive; and
b. if the prior designation does nofi prohibit such a change.

A change will revoke any prior designatIon. No change is effective until we record it. Once recorded, the change is effective as of the date you signed it. Wa have the right to require that you send us this policy so we can record the change.

## ASSIGNMENT

An assignment of this policy will not be binding on us unless:

a. it is in writing; and
b. it is received by us at our Home Office.

We will not be responsible for the validit ly of any assignment. We reserve the right to require this policy for endorsement of any assignment.

## CONFORMITY

This policy is subject to the laws of the state in which this policy is delivered. If part of it does not follow that law, it will be treated as if it does.

## INCONTESTABILITY

Except for nonpayment of premiums, we cannot contest this policy after it has been in force during the lifetime of the insured for two years (one year in Missouri and North Dakota) from the policy date.

If this policy is reinstated, it will be contestable during the lifetime of the insured for two years (one year in Missouri and North Dakota) from the effective date of reinstatement. Any contest will be based only on statements made in the application for reinstatement and attached to this policy.

## MISSTATEMENT OF AGE OR SEX

If the issue age car sex of the insured is not correctly shown in Section I, we will adjust the death benefit. The amount will be based upon what the premiums paid would have purchased according to the insured's correct issue age and sex.

## RESERVES AND MAINTENANCE OF SOLVENCY

The reserves held on your policy are computed according to the standards prescribed by law. They are based on the 1980 Commissioners Standard Ordinary Table, age last birthday, sex distinct, smoker distinct. They are computed according to the Commissioners Reserve Valuation Method, 4.5% interest, continuous functions. If, for any reason at any time, we do not have sufficient assets to cover the reserves, the amount of such deficiency shall be equitably apportioned to all outstand ng policies. The amount thus apportioned to your policy shall either:

a. be paid in cash by you; or
b. be an indebtedness against your policy at a rate of interest of 6% per:annum.

## TERMINATION

The policy will terminate:

a. when we receive written notice o terminate; or
b. when the insured dies; or
c. if any premium due is unpaid at the end of the grace period; or
d. on the expiry date shown in Section I.

Catholic Familv
Life Insurance

aile die hea4 ettlial ate c.®

# Amendment of Application

It is hereby understood and agreed that the application forming a part of Policy Number 99903082701 amended as follows:

**I have reviewed pages 2 and 3 of the application in this policy. I agree that the information obtained by the home office in a telephone interview or by a paramedical facility is correct.**
**All statements made in any application and medical forms attached to the policy are subject to all the general provisions listed in "The Contract" section of the policy.**

A copy of this Amendment and Alteration of Application, the signed original of which **is to be recorded at the Home** Office of the Society, shall be attached to and shall apply to any policy issued thereon.

I certify that the health of the person proposed for coverage has not changed since the date of the original application.

SIGNATURE OF APPLICANT/OWNER ______________________________

SIGNED AT ______________________________
(City and State)

DATED ______________________________

WITNESSED BY ______________________________

**TWO COPIES ARE TO BE SIGNED, DATED AND'WITNESSED;**
**ONE COPY IS IN THE POLICY**
**ONE COPY IS TO BE RETURNED TO THE HOME OFFICE**

U-465-1100

1572 E. Capitol Drive • P.O. Box 11563 • Milwaukee, Wis. 53211-0563 • 414/961-0500 • Toll Free 800/227-2354 • FAX 414/961-2059 • mail@cfli.org

*The oldest Catholicfraternal in the US—Established 1868.*

# CATHOLIC FAMILY LIFE INSURANCE

## 20 YEAR TERM EXCHANGE RIDER

At the end of the first term period shown in Section II, this policy may be exchanged for a new policy, provided:

a. this policy is then in force, and

b. the insured is age 50 or less; 'pnd

c. the insured is not then eligible for any disability waiver of premium benefit attached to this policy.

The following rules will apply:

a. You must complete and submit an application for the new policy not more than 90 days or less than 60 days before the end of the first term period.

b. Evidence of the insurability of the insured satisfactory to us is required.

c. The plan of insurance will be Ole same as this policy.

d. The amount of insurance may not exceed the amount of insurance for this policy.

e. The new policy will not be effective until we: (1) approve its issue; and (2) receive its first premium.

f. The policy date of the new policy will be the anniversary at the end of the first term period. The issue age will be the insuted's age on that date. The premium will be determined from the table of rates in use on that date:

g. The insurance provided by this policy will terminate when insurance under the new policy begins.

h. Any rider included with this policy may be included in the new policy. Such rider is subject to our rules and table of premium rates in use on the new policy date.

i. The Suicide and Incontestability provisions of the new policy will be measured from the policy date of this policy.

Signed at our Home Office in Milwaukee, Wisconsin

Mary C. D'Amo | David T. Lloyd
Secretary | President

EXHIBIT 2

THE APPLICATION

ft) A\1 1•• , Fait * : Insurance

Application for Membership and life Insurance to:
Catholic Family Life Insurance, 1572 E. Capitol Drive Milwaukee, Wisconsin 53211 • (800)227-2354
*(Please print in black ink.)*

Proposed Primary Insured G /' Proposed Other Insured
Name: " ' £MIA fr#410 /0(
Street: " hi ( /jmiae
City: Mk 10,74714-; State: Al: Zip: ki1 4 S
Home Phone: 1 /) Yt ej,17:-4: 7 Gender:
Social Security Number:
Previous Name(s)
Occupation: t ALP r State of Birth: RI
Birthdate: fq Age last birthday: •4):.1
Where can you be reached for additional information?
Phone: il1O1 519- tat, 90.
Best Days: M T W TH F
Best Times: ea A/ 4+:' ❑ a.m.

Face Amount: $31_410, 0 Tobacco 1F(Non-Tobacco
Plan of Insurance: OO /,4
Mode: ❑ Ann. ❑ Semi-Ann. P'uarterly ❑ EFT ❑ 1 ❑ 15
(UL only) Option: ❑ #1 Level ❑ #2 Increasing
UL planned premium: $

Amount remitted with this application in exchange for the Society's receipt: $ gliC ,f-C,
(See Receipt and Conditional Life Insurance Agreement)
Primary Beneficiary: r.441 P .v Ar- 4 ifrAlt-ri f l p
Relationship to Proposed Insured: Sl... .1 kvi /tb
Social Security Number: 47 T7 - 45 1 --iSel ff
Contingent Beneficiary: a v r.fflr
Relationship to Proposed Insured: V JI)V4,Vot
Social Security Number. 5—.--;>
Is this policy to replace any existing insurance or annuity(ies)? 12 Yes ❑ No
If yes, indicate company names(s) t'..
Is the Proposed Insured a U.S. Citizen? Yes ❑ No
Has the Proposed Insured used tobacco in any form in the past 12 months? ❑ Yes dNo
Is the Proposed Insured Catholic? Igl Yes ❑ No
Parish:
Has the Proposed Insured ever been told he/she had or been treated for diabetes, cancer, heart disease, alcoholism, drug abuse, or igh blood pressure? ❑ Yes 0
Has the Proposed Insured ever had insurance or reinstatement refused, postponed, limited, or offered on a substandard basis?
❑ Yes VINo

Riders: ❑ WP (0L3 or term) ❑ Waiver of Monthly deduct on (UL)
❑ Waiver of Planned Premium (UL) $ ❑ ADB (UL or OL3 only) $ ❑ GIR(UL or OL3)$
❑ Term Rider (Primary Insured) $ ❑ Acceleration of Death Benefit Rider (UL)
❑ Term Rider (Other Insured) $ (Complete a separate application for each person.)
❑ Children's Term Units (Complete a separate application for each child.)

Authorization to obtain and disclose information: I (we) have read all the questions and answers in the application. All responses are true and complete to the best of my (our) knowledge and belief. No coverage will be in effect until: a full application has been signed by the Proposed Insured; and a policy has been issued: and the full first premium has been received by the Society; and any amendments are signed. Any coverage will be subject to the terms and conditions of the policy.

(we) have received the notification about the Federal Fair Credit Reporting Act and the Medical Information Bureau.

AUTHORIZE the following to release information about me to Catholic Family or its reinsurers. Those authorized include a physician, medical practitioner, hospital, clinic, other medical or medically related facility, insurance or reinsuring company, the Medical Information Bureau, a consumer reporting agency, and/or employers. I UNDERSTAND that this information may include diagnosis, treatment, and prognosis with respect to any physical or mental condition and/or treatment, and other non-medical information concerning me. I authorize all sources, except MD3, to give records or knowledge to any agency employed by Catholic Family Life Insurance. I authorize them to collect and transmit such information. I UNDERSTAND they will use the information obtained through this Authorization to determine eligibility for insurance. Any information obtained will not be released to any person or entity EXCEPT to reinsuring companies, or other persons or organizations performing business or legal services with my application. The Society may release this information when lawfully required, or as I further authorize.

I KNOW that I may request a copy of this Authorization. I AGREE that a photographic or faxed copy of this Authorization shall be as valid as the original. I ACKNOWLEDGE that I received the "Notice to Applicant" form. I AGREE this Authorization shall be valid for one year from the date shown below.

Signed at (city and state) N: 9.711481-/ .6-1 =
Date signed (Month/day/year) "'

Signature of Proposed r ured (if .,4 e 18 or over)

Signature of Owner/Applicant, if other than Proposed Insured

Representative: To the best of your knowledge, will this policy replace or change any existing life insurance or annuity certificate(s)
11/ Yes ❑ No

7"")

Signature of Representative

e;
Print Representative's name and number

U-465-400

^t/Lg 10 7)

9 9 9 0 3 08.2 701

SERIAL NUMBER
1054 1 7

CATHOLIC FAMILY LIFE INSURANCE | Medical Examination Report - Part 2

Name: Michael Littlefield D.O.B.

Details of "Yes" answers. (Identify item.)

Identification: ❑ Driver's License ❑ ther

| I. HEIGHT (in shoes) | WEIGHT (clothed) | CHEST(full inspiration) | CHEST (forced expiration) | ABDOMEN, at umbilicus relaxed |
|---|---|---|---|---|
| j ft. 9 in. | /60 lbs. | V 0 in. | 3? in. | in. |

Did you weigh? Cries ❑ No Did you measure? 19-Yes ❑ No

Weight change in past year? _____ lbs. ❑ Gain ❑ Loss - Cause? ____________

Is appearance unhealthy or older than stated age? ❑ Yes 9,.:No

SEP 0 2 2003

2. Blood Pressure (Record all readings)

| | AT REST | AFTER EXERCISE | 3 MINUTES LATER |
|---|---|---|---|
| Systolic | 108 | | |
| Diastolic | 80 | | |

| 3. Pulse: | AT REST | AFTER EXERCISE | 3 MINUTES LATER |
|---|---|---|---|
| Rate | 68 | | |
| Irregularities Per Min. | | | |

4. t: (a) Is there any cyanosis, dyspnea, edema, arteriosclerosis, peripheral, vascular, or oth- cardiovascular disorder? ❑ Yes ❑ No

(b) Is hea enlarged? ❑ Yes ❑ No (If yes, describe)

(c) Is murm .resent? ❑ Yes ❑ No (If yes, complete 4d)

(d) **Murmur is:**

❑ Constant
❑ Inconstant
❑ Transmitted
❑ Localized
❑ Systolic
❑ Presystolic
❑ Diastolic
❑ Apical
C:1 Basal
❑ Other

❑ Soft (Gr. 1-2)
❑ Mod (Gr. 3-4)
❑ Loud (Gr. 5-6)

**After Exercise:**

❑ Unchanged
❑ Decreased
❑ ncreased
❑ A ent

**Show location of murmur.**

Apex by X

Area of murmur by outline ( I

Point of greatest intensity O

Transmission →

Your Impression:

Aga Midclavicle




9/4/03

5 Is there on examination any abnormality of the following: (Check applicable and give details.)

| | Yes | No |
|---|---|---|
| a. Eyes, ears, ose, mouth, pharynx? (If vision or hearing is markedly impaired, indicate degree correction.) | ❑ | ❑ |
| b. Skin (incl. scars); lymph nodes; blood vessels (incl. varicose veins)? | ❑ | ❑ |
| c. Nervous system (include reflexes, gait, paralysis)? | ❑ | ❑ |
| d. Respiratory syste n? | ❑ | ❑ |
| e. Abdomen (includi scars)? | ❑ | ❑ |
| f. Genitourinary syste (include prostate)? | ❑ | ❑ |
| g. Endocrine system (include thyroid and breasts)? | ❑ | ❑ |
| h. Musculoskeletal syste (incl. spine, joints, amputations, deformities)? | ❑ | ❑ |
| 6 Evidence of cigarette smo ng or other nicotine use? | ❑ | ❑ |
| 7 Do you have pertinent information not brought out above? | 0 | Clt |

| 8 Urinalysis: | SPECIFIC GRAVITY | ALBUMIN | SUGAR |
|---|---|---|---|
| | | | |

E M S I #284
989 Reservoir Avenue
Cranston, RI 02910
401-943-0084

Send specimen to laboratory as instructed.

I certify that I made this examinationEtN1 SOW a.m. ______ p.m. on ____________ i Date)

Examination made at ❑ My ogeSIRegaliffikAdeiltPoffice 4- Individual's home

Examiner's Name/Company Cranston, RI 02910 Examiner's Signature )0e6'&92.a.- (2i) Y>) de6 ____

Are you in any way related to the pr[redacted]le gl iM u. or to the agent? ❑ Yes ro

Name of agent requesting examination: DriY)0 .er). CLD__erxzeiR,&-______ Tax I.D. Number ____________

Address ____________ City/State/ZIP ________ CFL000460

PLEASE COMPLETE REVERSE SIDE

ci 9030la_701

MEDICAL DEPARTMENT

Please print names and addresses.

Supplement to Application to: CATHOLIC FAMILY LIFE INSURANCE

MEDICAL EXAMINATION REPORT - Part 1
P.O. Box 11563, Milwaukee, Wis., 53211

PROPOSED INSURED: (Print Full Name) L. ____________

DATE OF BIRTH: Month e%?-26---- 6 7 ________ Day____________ Year__________

1a. Name and address of your personal physician (IF NONE, SO STATE): [redacted] ______ [redacted] ______

b. Date and reason last consulted: p I: *■.Q.--ej.)- ____________ Cam, - 4(,c/Are. aJ 9-,20-62?

c. Treatment given or medication prescribed:

| 2. Have you ever been treated for, or had any indication of: | Yes | No |
|---|---|---|
| a. Disorder of eyes, ears, nose or throat? | ❑ | |
| b. Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? | ❑ | |
| c. Shortness of breath; persistent hoarseness or cough, blood spitting; bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ❑ | |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ❑ | |
| e. Jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | tg | |
| f. Sugar, albumin, blood or pus in urine; venereal disease; stone or other disease of kidney, bladder, prostate or reproductive organs? | ❑ | |
| g. Diabetes; thyroid or other endocrine disorders? | ❑ | -1;1( |
| h. Neuritis, sciatica, rheumatism, arthritis, gout or disorder of the muscles or bones, including the spine, back or joints? | ❑ | |
| i. Disorder of skin, lymph glands, cyst, tumor or cancer? | ❑ | ;El |
| j. Allergies; anemia or other disorder of the blood? | ❑ | |
| k. Deformity, lameness, or amputation? | ❑ | ☒ |
| 3. Have you ever been treated for the use of alcohol or any habit-forming drugs? If so give complete details. | ❑ | ☒ |
| 4. Have you smoked cigarettes in the past year or used any other nicotine products? If so, which? | ❑ | ☒ |
| 5. To the best of your knowledge are you now pregnant? If "Yes" give date of expected delivery. | n/A ❑ | ❑ |
| 6. Has a member of the medical profession ever diagnosed you as having, or treated you for AIDS (Acquired Immune Deficiency Syndrome), ARC (AIDS Related Complex), or any other immunological disorder? | ❑ | |
| 7. Are you now under observation, treatment, or taking medication? | ❑ | ktp. |
| 8. During the past seven years, have you: | | |
| a. Been examined or been treated by a physician, chiropractor or psychologist? | 14- | ❑ |
| b. Had an x-ray or electrocardiogram? | | ❑ |
| c. Had observation or treatment at a clinic or hospital? | ❑ | |
| d. Had a surgical operation scheduled or completed? | ☒ | |
| e. Made claim for or received payment for sickness or injury? | ❑ | -Cg |
| 9. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | ❑ | ff. |
| 10. Were you ever postponed, declined, rated, or offered a modified plan for Life, Accident, or Health Insurance? | ❑ | |

DETAILS of "Yes" answers (IDENTIFY QUESTION NUMBER; CIRCLE APPLICABLE ITEMS: Include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities..

o - o3 ,st7i3 e-1)

36-)

a

c) c4,62e-/)'71-

P />-/z,cit X

infection

dent c

3 b – ,,)

C F L000499

11. Family Record: (Indicate family history of tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide.)

| | If Living | Deceased | |
|---|---|---|---|
| | State of Health (If poor, give reason) | Age at Death | Cause of Death |
| Father | | | |
| Mother | | | |
| Brothers/ Sisters | | 3 r | |

I hereby agree that all statements and answers in this application are full, complete, and true to the best of my knowledge and belief, and shall become part of any policy or contract issued on the basis of this application. I further agree that the Society may rely upon any statements or answers made relating to my health or illness in determining whether to accept this application for insurance.

Dated at: NO - 3_ s1. r d VD (City. Sale) this S Z1/Z day of r-t 61/4 (Date)

Examiner's Si anature 2"204,—, 2—? Proposed Insured's Signat

Michael Littlefield

# TELEUNDERWRITING APPLICATION SUPPLEMENT

POLICY NUMBER______________________AGENT________________________

1. VERIFICATION OF APP ATION INFORMATION
   - a. Correct name/spelling? es ON°
   - b. Date of Birth correct? Y s ❑N°
   - a Social Security # correct? Yes ❑ No
   - d. Beneficiary correct? v Y s ❑ No
   - e. Are you Catholic? Yes ❑ Na

2. What is the purpose of this insurance (family income replacement, estate taxes, debt coverage, etc.)?

Employer Self Empl Occupation e620 ( AA5771-65

What is your income? (Ask for amounts over $150,0

- ❑ $0425,000
- ❑ $26,000-$50,000
- ❑ $51 ,000-$75,000
- ❑ $76,000-$100,000 ¢2Z
- ❑ $100,000+

Do you have any unearned income? ❑Yes ❑No Amount and source:

4. Have you declared bankruptcy in the last 7 y rs, or ever had any suits, judgements or liens against you? DYes o Discharged date?

5. What is your height__________and weight? i(Lo 0

6. Do you currently take any medication? If yes, What? Why? How Much? AA

7. Do you currently take any herbs vitamins, mineral supplements or other non-prescription remedies? Yes ONo

**Reason?** YA^L U Vik
**Dosage or how often?**

Sp calegntiorit

PAGE 2 Michael Littlefield

**8. LIFE INSURANCE IN FORCE OR PENDING** ☒ YES ☐ NO (if yes, complete below.)

| Name of Proposed Insure | Co pany | Amount |
|---|---|---|
| Michael | CTLS | |
| | | |
| | | |

**9. UNDERWRITING INFORMATION - PART 1**

PROPOSED INSURED(S) MUST COMPLETE ALL QUESTIONS. ALL "YES" ANSWERS MUST BE EXPLAINED AND REFERENCED IN THE BOX AT THE BOTTOM OF THIS PAGE!

Has or does the person(s) proposed for insurance coverage: YES NO

1.) Ever engaged in or expect to engage in any of the following:
 a. Aviation activities as a pilot or crew member? If yes, attach Aviation Questionnaire. ☐ ☒
 b. Skin or Scuba Diving; motor vehicle or motor boat racing; mountain climbing, professional rodeo competition; skydiving; other hazardous activities? If yes, attach Hazardous Activities Questionnaire. ☐ ☒

2.) a. Drink alcoholic beverages? If yes, how much per week? ☐
 (One drink = 12 oz. beer, 4 oz. wine, or 1 oz. hard liquor.) Amount: i'7 , Z60-C--e
 b. Now or ever been a user of heroin, cocaine, marijuana, or illegal, restricts or controlled substance, except as prescribed by a physician? If yes, attach Drug and Alcohol Questionnaire. ☐ ☒
 c. Ever had or been advised by a physician, practitioner, or court of law to have treatment for alcohol, drug, or substance abuse? If yes, attach Drug and Alcohol Questionnaire. ☐ ☒

3.) a. Had insurance or reinstatement refused, postponed, limited, offered, or quoted on a rated or substandard basis? ☐ ☐
 b. Will this insurance replace or change any existing life insurance or annuity contract? ☒
 c. Within the past 5 years, applied for or received disability or Worker's Compensation Benefits? ☐ ☒

4.) a. Driver's License No. [illegible] State R.I.
 b. Ever been cited for driving while intoxicated (DWI), or driving under the influence (DUI)? ☐
 c. Ever been cited for any other driving violation in the past 3 years? If yes, please provide full details. ☒
 d. Ever been convicted in a court of law for any reason? ☐ ☒

5.) Have you lived or traveled outside the United States within the past 12 months or do you plan to travel or live outside of the United States within the next 12 months? ☐ ☒

6.) Are you a U.S. citizen, or do you have permanent residence status? ☐
 If not a U.S. citizen, please provide 1-151 (green card) number

7.) Do you now use or have you ever used tobacco or nicotine in any form? If yes, indicate the type of tobacco used; (cigarettes, pipe, cigar, chewing tobacco, other) and if applicable, the date you stopped. ☐ ☒

8.) a. Have a history in parents, brothers or sisters of mental illness, diabetes, heart, kidney or liver disease, high blood pressure, stroke or cancer? If yes, name person(s), relationship(s), age(s), condition(s), and age when disease began. ☐
 b. Give name, cause and age at death of father, mother, brother(s), sister(s) if decease [illegible]

9.) FulName,and complete address of personal physician; the date, reason last seen, and diagnosis:
Dr Ivan'6-0
Greenwich, RI — 5/03 follow up after 4/03 hernia surgery All ok.

| Question Number | Details |
|---|---|
| 4C | Speeding |

CFL000498

EXHIBIT 3

DEATH CERTIFICATE

CERTIFICATION OF VITAL RECORD

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

RHODE ISLAND DEPARTMENT OF HEALTH

## CERTIFICATE OF DEATH

PHYSICIANS COMPLETE SHADED AREAS ONLY. FUNERAL HOME MOST COMPLETE UNSHADED AREAS

LOCAL FILE NUMBER 05-72

STATE FILE NUMBER

DECEDENT

DECEASED - FIRST NAME: Michael

MIDDLE

HOSPITAL OR OTHER INSTITUTION — NAME: 61 Charles Street

CITY, TOWN, OR LOCATION OF DEATH: North Kingstown

TYPE OR PRINT IN BLACK INK

AGE — Last Birthday (Years): 36

DATE OF BIRTH (Month, day, yr.): Feb. 16, 1969

BIRTHPLACE: Warwick RI

WAS DECEDENT EVER IN U.S. ARMED FORCES?: No

RACE — Am. Indian, Black, White, etc.: White

ETHNIC ORIGIN: American

MARRIED, NEVER MARRIED, WIDOWED, DIVORCED: Married

SURVIVING SPOUSE: Colleen M. Fuzz°.

SOCIAL SECURITY NUMBER: 037 4 2431 34I

USUAL OCCUPATION: ChemiSE/ISID Technician

KIND OF BUSINESS OR INDUSTRY: BlingdY: NortniilAmeriba

RESIDENCE: 61 Charles Street

CITY OR TOWN, STATE & ZIP CODE: North Kingstown, RI 02852

MAILING ADDRESS — If different from residence address in Item above

PARENTS

FATHER — FIRST NAME: Henry

MIDDLE

LAST: Littlefield

MOTHER — FIRST NAME: Dawn

MIDDLE

MAIDEN NAME: Allen

INFORMANT — NAME: C6illedn'iM. Littlefield

MAILING ADDRESS: 61 Charles Street, North Kingstown, RI 02852

DISPOSITION

BURIAL, CREMATION, DONATION, OTHER

PLACE OF DISPOSITION: MoShassudi'Cemetery

CITY OR TOWN, STATE: Central Falls

SIGNATURE OF FUNERAL HOME LICENSEE

FUNERAL HOME — NAME

FUNERAL HOME/DIR. LICENSE NUMBER

FUNERAL HOME ADDRESS: 825 Boston Neck Road, Wirth Kingstown, RI 02852

ITEMS 21-27 TO BE COMPLETED BY CERTIFYING PHYSICIAN ONLY

CERTIFIER

To the best of my knowledge death occurred at the time, date and place and due to the cause(s) stated.

DEGREE OR TITLE

LICENSE NUMBER: 8116

DATE SIGNED: May 25, 2005

HOUR OF DEATH: 2:16am

NAME OF CERTIFIER: [signature] Joseph

ADDRESS OF CERTIFIER: 1220 Pontiac Ave Cranston

WAS DEATH REFERRED TO MEDICAL EXAMINER

NAME AND ADDRESS OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER

LENGTH OF ATTENDANCE

Kilo 'OMR'Ikep name el the Ohislelsk end the causa'Aiteith to be PRINTED or TYPED in BLACK INK. Signatures must also be In BLACK INK.

REGISTRAR

REGISTRAR (Signature): [signature] James D. Marques, Town Clerk

FILE DATE — DATE RECEIVED BY REGISTRAR Month, day, yr.: May 25, 2005

CAUSE OF DEATH

SEE INSTRUCTIONS ON OTHER SIDE

PART I. Enter the diseases, injuries, or complications that caused the death.

IMMEDIATE CAUSE: Metastatic Colon Cancer — 9 months

DUE TO (OR AS A CONSEQUENCE OF)

DUE TO (OR AS A CONSEQUENCE OF)

DUE TO (OR AS A CONSEQUENCE OF)

PART II. Other significant conditions contributing to death but not resulting in the underlying cause

AUTOPSY

ACCIDENT

DATE OF INJURY

INJURY AT WORK

CITY OR TOWN / STATE

VS-2 ROM.F38

NAME OF DECEDENT / FOR USE BY PHYSICIAN OR INSTITUTION ONLY

I hereby certify that this is a true and exact copy of the document officially registered and placed on file in the issuing office:

03172:b

Issuing Office: North Kingstown Town Clerk

Issuance: May 25, 2005

Signature of Registrar: [signature]

J. D. Marques, Town Clerk

THIS COPY VALID ONLY IF ON PAPER WITH ENGRAVED PURPLE DISPLAYING RAISED SEAL AND SIGNATURE OF STATE OR LOCAL REGISTRAR.

VS-81

~~THE 1997 APPLICATION~~

THE $50,000. 1997 APPLICATION

Th _

4iolicflunily Life Ingivance

Application for Membership and Life Insurance to:
Catholic Family Life Insurance, Milwaukee, Wisconsin 53211
*(Plense prim in black ink.)*

Legal Name - First Middle Last Previous Name(s)
/711Cij az-Y_ f.:
Address (number and street or P.O. box, state, zip): Previous Address Within Two Years (check if none): Li
1/6 1- L o dit et! LW E.? r
i r- o Fr?
Owner (if not proposed insured—does not apply to minors): Relationship:
Address:
Premium Notices and Correspondence to: Insured O Owner Social Security No. / /
2 7- 66i) PAttENACI:jAtit
Occupation of Primary Proposed Insured Business Phone C3ccupation of Spouse if Applying:
1-7O-114 L4414 pp z4,4 V SPA .d .eie
Employer Name and Address - Primary Proposed Ins re : Employer's Name and Address - Spouse:
Li -Wray T.,)„ ,5.../<14tee'
l'oTA 4VAQ0. iiiii ' Whi :Y6:0 WIN triAL EJ 'IF, Aiii4LIdAFtEW:7
Name; Relationship to Ins'd: Sex: Age: Date of Birth: Social Security No.: Hgt./Wgt.: Birthplace:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**4. LIFESTYLE UNIVERSAL LIFE**

Li Tobacco Li Non-Tobacco
Face Amount: $
Death Benefit Option: r:1#1 (level) 111 #2 (increasing)
Additional Benefits Applied for:
Waiver of Monthly Deduction
1 Waiver of Planned Premium Benefit Rider $
Li Accidental Death Benefit Rider $
D Guaranteed Insurability Option Rider $
D Additional Term Rider $ (primary insured)
0 Children's Term Rider _(units)
0 Acceleration of Death Benefit Rider
Other Insured Rider (complete item #3)
Other Insureds (including spouse):

| Name | Amount | Tab. Non |
|---|---|---|
| 1 | | LI E] |
| 2 | | DLI |
| | | CI El |

**5. TRADITIONAL LIFE**

Tobacco 12 Non-Tobacco
Face Amount: $ Base'Plan
Additional Benefits Applied for:
n Waiver of Premium
Accidental Death Benefit, (excluding term plans) $
D Children's Insurance Rider ,. _(units)
Ti Guaranteed Insurability Rider Amount $
ID Term Rider, Primary Insured Amount $ Duration

Dividend Option: Li Accumulated - On Deposit
0 Paid Up Life Additions

6; PliEIVII.U WAND.,014:1 ,WINFO a
Mode (check one) 0 Annual Semi-Annual DMonthly PAC Ell 015 Include With Policy No.
Total Premium Quoted $ 4i Total Premium Collected UL Planned Premium UL Lump Sum $ . _

BENFtCJAPr DESIGNATIOW (Beheffelar es In each'class equ ally unless* otherwise Indicated.) •

| Primary | % | S.S. | Relationship | Coniingont | % | S.S. | Retation0 |
|---|---|---|---|---|---|---|---|
| LL RziN Ta | | d/14 637 -f)- | | | .1% kiett/ | 61_ig | |

Morldrnont rit hd GorroetiMs (.Eor.115)614 'Q .fl00

CF 000553

IInto |Pnlici NtimhPr ;;;Tin1 Nottpi

PAGE 2

8. LIFE INSURANCE IN FORCE OR PENDING ' ❑ ❑ NO 4f

| Name of Proposed Insured | Company | Amount |
| --- | --- | --- |
| | None | |
| | | |

9. UNDERi411TING iNFOAMAtIciN ..p4m

PROPOSED INSURED(S) MUST COMPLETE ALL QUESTIONS. ALL "YES" ANSWERS MUST BE EXPLAINED AND REFERENCED IN THE BOX AT THE BOTTOM OF THIS PAGE!

Has or does the person(s) proposed for insurance coverage: YES NO

1.) Ever engaged in or expect to engage in any of the following:

a. Aviation activities as a pilot or crew member? If yes, attach Aviation Questionnaire. El FA/

b. Skin or Scuba Diving; motor vehicle or motor boat raging; mountain climbing, professional rodeo competition; skydiving; other hazardous activities? If yes, attach Hazardous Activities Questionnaire. ❑ ❑/

2.) a. Drink alcoholic beverages? If yes, how much per week? ❑ ❑'s
(One drink = 12 oz. beer, 4 oz. wine, or 1 oz. hard liquor.) Amount: ______

b. Now or ever been a user of heroin, cocaine, marijuana, or illegal, restricted or controlled substance, except as prescribed by a physician? If yes, attach Drug and Alcohol Questionnaire. ❑

c. Ever had or been advised by a physician, practitioner, or court of law to have treatment for alcohol, drug, or substance abuse? If yes, attach Drug and Alcohol Questionnaire. ❑ ID-

3.) a. Had insurance or reinstatement refused, postponed, limited, offered, or quoted on a rated or substandard basis? ❑ fd

b. Will this insurance replace or change any existing life insurance or annuity contract? O Ce,

c. Within the past 5 years, applied for or received disability or Worker's Compensation Benefits? ❑ (Dr

4.) a, Driver's License I 4/ ______ State ______

b. Ever been cited for driving while intoxicated (DWI), or driving under the influence (DUI)? ☐ ☐/

c. Ever been cited for any other driving violation in the past 3 years? If yes, please provide full details. ☐ ☑

d. Ever been convicted in a court of law for any reason? ☐ ☐/

5.) Have you lived or traveled outside the United States within the past 12 months or do you plan to travel or live outside of the United States within the next 12 months? ☐

6.) Are you a U.S. citizen, or do you have permanent residence status? ☑
If not a U.S. citizen, please provide 1-151 (green card) number

7.) Do you now use or have you ever used tobacco or nicotine in any form? If yes, Indicate the type of tobacco used; (cigarettes, pipe, cigar, chewing tobacco, other) and if applicable, the date you stopped. ❑

8.) a. Have a history in parents, brothers or sisters of mental illness, diabetes, heart, kidney or liver disease, high blood pressure, stroke or cancer? If yes, name person(s), relationship(s), age(s), condition(s), and age when disease began. ff1/

b. Give name, cause and age at death of father, mother, brother(s), sister(s) if deceased

9.) Full name and complete address of personal physician; the date, reason lmt soon, and diagnosis:

4,401-fd 1.^)44•4(-

| Question Number | Details |
| --- | --- |
| | |
| | |
| | |

CFL000554

GE 3

lw UN DE Fi WRITING IN r 0 1 1M AT I ON PART 2 a.ay-

JMPLETION OF QUESTIONS 1-8 IS REQUIRED IN ALL CASES. ANY "YES" ANSWERS MUST BE FULLY EXPLAINED VD REFERENCED IN THE BOXES AT THE BOTTOM OF THIS PAGE.

DS TEST RESULTS OBTAINED AT AN ANONYMOUS COUNSELING AND TESTING SITE DESIGNATED BY THE STATE 'IDEMIOLOGIST OR AT A SIMILAR FActury IN ANOTHER JURISDICTION ARE CONFIDENTIAL AND NEED NOT BE ISCLOSED. NONE OF TI (ESE APPLICATION QUESTIONS SHOULD BE INTERPRETED AS ASKING ABOUT AIDS, \JLESS THE QUESTIONS SPECIFICALLY MENTIONS AIDS.

| as the person(s) proposed for insurance coverage: | YES | NO |
|---|---|---|
| I.) Ever had or now have symptoms of or been diagnosed as having a disorder, disease or persistent discomfort of the following systems: | | |
| a. Respiratory (lungs, bronchi, trachea, etc.) such as, but not limited to, TB, asthma, emphysema, bronchitis, shortness of breath? | ❑ | ☑ |
| b. Circulatory (heart, blood, arteries, veins, etc.) such as, but not limited to, high blood pressure, heart attack, chest pains, murmur? | O | ☑ |
| c. Digestive (throat, esophagus, stomach, intestine, liver, gall bladder, etc.) such as, but not limited to, ulcer, colitis, cirrhosis, hemorrhoids, bleeding? | ❑ | ☑ |
| d. Nervous (brain, nerves, etc.) such as, but not limited to, paralysis, stroke, fainting, dizziness, epilepsy, convulsions, recurring headaches? | ❑ | ☑ |
| a, Mescule-skeletal (muscles, bones, joints, spine, etc.) such as, but not limited to, neclaback problems, fracture, arthritis? | O | |
| f. Genito-urinary (kidney, bladder, reproductive organs, etc.) such as, but not limited to, kidney stones, infection, bleeding, male or female disorders? | El | |
| g. Glandular (thyroid, pancreas, adrenal, lymph glands, etc.) such as, but not limited to, abnormal growth or function, including diabetes? If yes to diabetes, attach Diabetic Questionnaire. | O | |
| !.) Ever had or now have impaired sight, hearing, ear or eye disorder, venereal disease, hernia, or skin disease? | ❑ | tai |
| I.) Ever had or now have any mental, nervous, psychological, or emotional condition or disorder, such as, but not limited to, anxiety, depression, or nervous breakdown? | Li | ☑ |
| I.) Now have or ever been diagnosed or treated for cancer, tumor, cyst, or growth? | ❑ | ☑ |
| i.) Gained or lost more than 10 pounds In the past year? Amount ______ | O | ☑ |
| Clause | | |
| I.) Within the past 5 years: (Refer to disclaimer concerning AIDS test results at top of page) | | |
| a. Had any other impairment, sickness, injury, surgery not described above or any diagnostic test such as x-ray, EKG, lab tests? | ❑ | |
| b. Had a physical examination? If yes, list the reason for and results below. | O | M" |
| c. Been advised to have or do the following which was pet completed 1) any diagnostic test; 2) surgery; 3) hospitalization? | D | E1 |
| d. Been on, or now on, prescribed diet or medication? | ID | Er |
| '.) Ever had any past or present complications of pregnancy (such as C-section) or now pregnant? | ❑ | Er |
| .) a. Been treated or diagnosed by a member of the medical profession as having any disorder of the blood or immune system, including Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC)? | ❑ | ✓ |
| b. Ever been treated by a member of the medical profession as having the AIDS (1•ITLV-111) virus or tested positive to FDA licensed blood tests? | r- | |

| Jestion umber | Condition, Diagnosis, Injury Illness, Disorder (Name any operation performed) | Dates of Treatment Hospitalization, Recurrences | Types of Trpaimenti, r-Medications | Degree of Recovery | Name(s), address(es) and telephone number(s) of doctors, hospitals, or clinics involved |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**AGII EEMENT (Check iiii@ohlk)."':':.:::.!:',,**

Catholic Family Life Insurance conditional coverage receipt was given for this life insurance plan. I acknowledge that I have read the receipt provided and understand its terms, conditions and limitation's. I understand that I will not receive any insurance coverage for my money unless a policy is Issued as applied for.

❑ No conditional coverage receipt was given for this insurance plan. I acknowledge that I have not paid any premium for this insurance. I understand that [his insurance is not in effect and that the first premium must be paid upon delivery of the policy.

I hereby apply for insurance In the amount on the plan, and at the rate staled in this application. I agree that the entire contract consists of this application, the policy, the statement of insurability, any medical examination statements, the Articles of Incorporation and By-Laws of the Society.

IT IS AGREED...

1) All statements in this application (pages 1, 2, and 3) are to the best of my knowledge and belief complete and true.

2) All information given to the agent in response to the questions in this application has been recorded correctly.

zavra.v..1 by any agent shall bind the Society unless set out in writing in this application.

ID.Ftarue■17: 5 E tr 'r,:.11%D.0: ..r realli rements of the Society.

131VEliSIF1E13 SERVICES 8/s7
105 LOCKWOOD ST
WEST WARWICK, RI 02893

1042
57060/115009

PAY •-.>7

ORDER OF 9...Z

$ //.0 Ls'

BANK
A141(k NoOf I LAND

5 13.51t;"

111 00 10 , ?IP' 1:0 I 1 504 9 Li 2▶ • - /.. ... .......7.,!,,. .

other aye ILP......■- 1.72.41/4,ka....L1 E 72 7j ;EFL' rzt'i.1.:;.;S:far..E; EA S-'.;:6!, Le..1..?,=E--E'Z'a,,, Chi 2000 3 4/3111

1.01, Z,Vit'::.'■::fri!ib.F.-A2a01.::+k..gli;":14.1 -1. .... .!..1;VI

THE APPLICATION IS II DOCUMENT. READ IT CAREFULLY.
THE POLICY COULD ClitDED IF QUESTIONS ARE NOT ANSWERED
COMPLETELY AND TRUTHFULLY.

If you wish, you may return the policy within
20 days after delivery for full refund.

Dated at cjk on
City State Month Day Year

2_, ,7 1.,V PeC.C/_E )1

Signature of Proposed Insured Signature of Agent Agent No.

Signature of Other Insured Signature of Owner (if other than insured)

CFLOO 0 556

,GE 5

1.) a. Is the proposed insured a practicing Catholic? Yes I=1 No (If no, exJain in remarks.) b. Parish is
2.) Are you related t4roposed insured by blood or marriage? ❑ Yes 2 No My relationship is
3.) How long have you known the proposed insured? 1951 r\e. 1 4.) Council or Branch No,
4.) Did you see the proposed insured at the time this application was completed? Dies El No (If no, explain in remarks.)
5.) Do you know of any information regarding the health, habits, character, avocations, Dazardous activities, sports, or environment of the proposed insured which might affect insurability? n Yes No (If yes, explain in remarks)
5) lies the proposed insured ever applied for a CFLI policy that was declined, postponed, or not taken? ❑ Yes Cl Ne
7.) To the best of your knowledge, does the policy applied for replace any existing insurance or annuity? ❑ Yes 0No
If yes, have you complied with the appropriate requirements? ❑ Yes El No (If no, explain in remarks.)
13.) Have you explained and left with the proposed insured the NOTICE TO APPLICANT, Parts One and Two? ,0.1 Yes ❑ No
9.) What is average earned income (past 3 years) of primary insured? IVA

D.) Purpose of Insurance

1.) Source of Prospect: 0 Solicited by Agent ❑ Applicant Requested
❑ Policy Holder ❑ Personal Acquaintance LI Direct Mail ❑ Family Member or Self
❑ Business Acquaintance ❑ Cold Canvass ❑ Referred Lead ❑ Other

?..) Is Family Friend Requested? ❑ Yes ❑ No

Ei MARKS:

p-L /6 /9 to Flow a ra f ,-,184-/ A / N en.4-/'

.)) 6)12. (16A. Ifrier.00 tf.

1) OR, t)4 p C, /OO (Spilt) 5 /97
Licensed Agent Agent Number ate

_704(split)
Licensed Agent Agent Number Date

ITHORIZATION TO OBTAIN INFORMATION AND ACKNOWLEDGMENT STATEMENT

AUTHORIZE the following to release information about me to Catholic Family. Those authorized include a physician, nedical practitioner, hospital, clinic, other medical or medically related facility, insurance or reinsuring company, the Medical Information Bureau, a consumer reporting agency, and/or employers, I UNDERSTAND that this information may Include fiagnosis, treatment, and prognosis with respect to any physical or mental condition and/or treatment, and other non-medical nformation concerning me.

authorize all sources, except MIR, to give records or knowledge to any agency employed by Catholic Family Lifo Insurance. authorize thorn to collect and transmit such information. I UNDERSTAND they will use the information obtained through this authorization to determine eligibility for insurance.

any information obtained will not be released to any person or entity EXCEPT to reinsuring companies, or other persons or )rganizations performing business or legal services with my application. The Society may release this information when lawfully equired, or as I further authorize.

KNOW that I may request a copy of this Authorization.

CFL000557

AGREE that a photographic or faxed copy of this Authorization shall be as valid as the original.
ACKNOWLEDGE that I received the "Notice to Applicant" form.
AGREE this Authorization shall be valid for one year from the date shown below.

3Igned on this Month Day /1711'7 Year Si nature pf Proposed Insured

Name of Minor Child Name of Minor Child Other Insured Signature

Name of Minor Child Name of Minor Child Other Insured Signature

0,000. INCREASE

#104

j /V" rot" a', 6rl ur tAs 41. • ...../114■11

*needs, please contact your agent, or call as at 1-800-227-2354, Ext. 279*

***haw we do,****

Catholic %frilly
Life Insurance

YES!

Please enroll MC for my. guar Steed S10.000 10 ye term life coverage.
The rider terminates at the ea - of: 10 years issue date: when the base polio.. terminates:
or when the insured reaches age 70.

MICHAEL LITTLEFIELD

as a Rider to Policy N: 0. 97111101
issued by Catholic Harmly Life Insuranee Company.

E understand that my beneficiary will be the same as designated in my underlying. policy.

Signature X 7, Littlefield Date)-=13 o 3

t rc

CFL000091