UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

VS. C.A. No. 06-157

CATHOLIC FAMILY LIFE INSURANCE
COMPANY

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND HER COMPLAINT**

Plaintiff, Colleen Littlefield, hereby moves this Court for an Order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure permitting her to amend her complaint to add an additional Count of Unjust Enrichment.

**STANDARD OF REVIEW**

Amendments are freely given when justices so require. See Fed. R. Civil. R. 15(a). The courts have often described this standards as reflecting the "liberal" amendment policy underlying Rule 15. See, e.g., Wilson v. Mendon, 294 F.3d 1, 7 n.16 (1st Cir. 2002); Mills v. Maine, 118 F. 3d 37, 53 (1st Cir. 1977) . Moreover, a motion to amend is not foreclosed merely because the opposing party has moved for summary judgment . Pursuant to Rule 15, amendments are liberally permitted absent a showing of extreme prejudice. Mere delay is an insufficient reason to deny an amendment. The Court must find that such delay creates substantial prejudice to the opposing party; absent such a finding the amendment must be permitted. Plaintiff knows of no prejudice that will result if the requested amendment is permitted by this Court.

Plaintiff's motion in effect seeks to bring before this Court an additional theory of recovery against the Defendant on account of its refusal to pay out on a life insurance

policy. The Fourth Count of the Amended Complaint alleges Unjust Enrichment. The original complaint alleged breach of contract, negligence and bad faith. It could hardly be reasonably argued in view of these allegations that Count IV of the Amended Complaint is novel. Patton v. Guyer, 443 F. 2d 79 (10th Cir. 1971) Miller v. Steinbach, 43 F. R. d. 275 (S.D.N.Y. 1967). See also Clark v. Universal Builders, Inc. 501 F. 2d 324, 339-40 (7th Cir.) cert. denied 419 U.S. 1070 (1974).

Recognizing that the Federal Rules favor determination of cases on their underlying merit and mandates only minimal notice pleading, courts have permitted parties freely to amend to present the real issues in the case. See, 3 Moore's, Federal Practice, Section 15.08(2) at 15-61 (1979) and cases cited therein. See Foman v. Davis, 371 U.S. 1978 (1962).

**FACTS**

It is uncontested that Michael Littlefield applied in 1997 for a Fifty Thousand ($50,000) dollar twenty year term life insurance policy which was issued shortly after. In February of 2003, Michael Littlefield responded to a solicitation by Defendant to increase his policy with a Ten Thousand Dollar ten year rider. Defendant thereafter had a total of Sixty Thousand ($60,000) dollars of coverage. In August of 2006 Michael Littlefield applied for a Three Hundred Thousand ($300,000) life insurance policy. (It was issued on September 9, 2003.) Subsequent to the issuance of the Three Hundred Thousand ($300,000) dollar policy, Defendant cancelled the Fifty Thousand ($50,000) policy and the Ten Thousand ($10,000) dollar rider. Obviously, said policy and rider would never had been cancelled had the Three Hundred Thousand ($300,000) dollar policy not been issued. The purpose in increasing coverage was to protect his family not to leave them bereft.). After Michael Littlefield's death in 2005, Defendant failed and refused to pay out on either policy and it is therefore unjustly enriched.

Unjust enrichment is not a new argument. Defendant's refusal to make payment on the Fifty Thousand ($50,000) dollar policy and the Ten Thousand ($10,000) dollar

rider has been raised previously before this Court, has been addressed in multiple depositions taken in this matter and has been addressed by Defendant in its Summary Judgment Memorandum pages 4 thru 6. Consequently, no prejudice would inure to Defendant.

Thus Plaintiff respectfully requests that this Court grant her motion to amend in accordance with the attached Amended Complaint.

COLLEEN LITTLEFIELD
By her Attorney,

/s/______________
Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 463-6200
(401) 331-6110 fax

**CERTIFICATION**

I hereby certify that on this 24[rd] day of August, 2007 I ECR filed and faxed a true and correct copy of the within to:

Patricia A. Sullivan, Esq,
Edwards, Angell, Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Karen Davidson #3182

rider has been raised previously before this Court, has been addressed in multiple depositions taken in this matter and has been addressed by Defendant in its Summary Judgment Memorandum pages 4 thru 6. Consequently, no prejudice would inure to Defendant.

Thus Plaintiff respectfully requests that this Court grant her motion to amend in accordance with the attached Amended Complaint.

COLLEEN LITTLEFIELD
By her Attorney,

/s/ ______________

Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 463-6200
(401) 331-6110 fax

**CERTIFICATION**

I hereby certify that on this 24[rd] day of August, 2007 I ECF filed and faxed a true and correct copy of the within to:

Patricia A. Sullivan, Esq,
Edwards, Angell, Palmer and Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Karen Davidson #3182