UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLLEEN LITTLEFIELD, | : | |
| Plaintiff, | : | C.A. No. 06-157 |
| v. | : | |
| CATHOLIC FAMILY LIFE INSURANCE COMPANY | : | |
| Defendant. | : | |

**CATHOLIC FAMILY LIFE INSURANCE COMPANY'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Catholic Family Life Insurance Company ("CFLI") hereby opposes the Motion to Amend the Complaint filed by Plaintiff Colleen Littlefield ("Plaintiff"). CFLI objects to Plaintiff's motion on the grounds of undue delay, prejudice, and futility. The requested amendment comes long after the close of discovery and in the wake of CFLI's motion for summary judgment. It also purports to add an independent claim below this Court's jurisdictional minimum.

**FACTUAL AND PROCEDURAL BACKGROUND**

In her April 2006 Complaint, Plaintiff sued CFLI solely for its denial of payment on a $300,000 insurance policy on the life of her deceased husband, which CFLI had declined based on Mr. Littlefield's failure to disclose serious medical symptoms. The proposed Amended Complaint seeks to add a claim based on a completely different policy purchased in 1997 ("1997 policy") that Mr. Littlefield cancelled and replaced with the $300,000 policy in 2003 ("2003 policy). It also seeks to add a whole new theory (unjust enrichment) to the claim based on the 2003 policy.

Prior to making the decision to cancel and replace the 1997 policy, Mr. Littlefield was specifically advised in writing (receipt of which was acknowledged by his signature) that he understood that the cancellation of a policy whose contestability period had run and replacement with a new policy creates a risk that the new policy could be contested as a result of a material misstatement or omission. After comparing the higher price of continuing the old policy while adding a new (smaller) policy with the lower price of canceling the old policy and replacing it with a new (higher) policy, and fully aware of the risk of a new contestability period with the latter selection, Mr. Littlefield made the decision to cancel the $60,000 policy completely and to replace it with the $300,000 policy.

Importantly, the gravamen of the proposed claim raising the 1997 policy for the first time is <u>not</u> that the cancellation of the 1997 policy was somehow ineffective, but rather that it must be paid based on a theory of unjust enrichment.

Also important is that the unjust enrichment claim arising from the 2003 policy is not premised on any new facts; rather, the sole purpose for the inclusion of the 2003 policy in the proposed new count appears to be to delay this Court's consideration of the pending motion for summary judgment through reopened discovery and/or to mask the problem of the jurisdictional minimum with the 1997 policy discussed below.

The original Complaint was filed in April 2006. At the Rule 16 Conference held on September 6, 2006, this Court established a schedule for the case based on the parties' description of what was at issue in the case. In her Conference Statement, Plaintiff asserted that the 1997 policy "continues in full force and effect." [A copy of the Conference Statement is attached at A.] At the Conference, this assertion was discussed

and CFLI pointed out that the 1997 policy was not at issue at all in the case. Notwithstanding that discovery had not yet begun, Plaintiff made no attempt to amend.

During discovery, CFLI developed evidence regarding the 1997 policy as background to demonstrate that Mr. Littlefield had experience in applying for life insurance and that, as a result of his 1997 experience, he understood the significance of providing complete medical information, including that medical issues properly disclosed to the insurance company could result in delay and increased expense, and possibly a denial of coverage. In addition, mindful of the Conference Statement assertion that the 1997 policy continued in full force, CFLI developed undisputed evidence that the 1997 policy was intentionally cancelled by Mr. Littlefield. This evidence is summarized in CFLI's Memorandum in Support of its Motion for Summary Judgment, at 4-6. CFLI did not anticipate and did not focus discovery on a theory of unjust enrichment in non-payment of the cancelled 1997 policy presented in the proposed Amended Complaint.[1] Nor did CFLI direct contention interrogatories or other discovery to a theory of unjust enrichment based on the 2003 policy.

Prior to the original close of discovery, Plaintiff sought and received, over CFLI's objection, a significant extension of the dates in the Court's Pretrial Order, pushing back the close of discovery from March 6, 2007, to June 6, 2007. After discovery closed, and consistent with the new schedule set by the Court, CFLI filed its Motion for Summary Judgment on June 20, 2007. Thereafter, Plaintiff twice sought additional delays in her obligation to respond for medical reasons, ultimately extending her obligation to September 10, 2007. CFLI's Reply is due on September 21, 2007.

---

1 In its Memorandum in support of its Motion for Summary Judgment, CFLI stated that, "CFLI reserves the right to seek Summary Judgment on any such claim [for recovery on the 1997 policy] *based on the undisputed cancellation of the 1997 policy*." Memorandum at 6 (emphasis supplied).

Now, with the case almost ripe for disposition, Plaintiff seeks to inject a new claim based on a new theory, a claim of which she could have been aware of since the inception of the litigation and not one learned of during the discovery phase of the case. She offers no excuse or justification for the making of the motion to amend at this late date. If the amendment results in the reopening of discovery, CFLI will be severely prejudiced.

**ARGUMENT**

**A. The Court May Deny An Amendment Under Rule 15 on Grounds of Delay and Prejudice.**

Rule 15(a) of the Federal Rules of Civil Procedure grants leave to amend:

> [W]here there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or the futility of the amendment.

Although leave to amend shall be "freely given when justice so requires," the Supreme Court has created well-defined exceptions to this liberal policy. Where the proposed amendment is made in bad faith, is futile, or is made after undue delay, courts will disallow the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In the First Circuit, the decision whether to grant leave to amend is within the sound discretion of the District Court. *See Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998).

In accord with the *Foman* decision, the First Circuit recognizes that delay alone is a sufficient reason to deny a motion to amend. *See Acosta-Mestre v. Hilton International*, 156 F.3d 49 (1st Cir. 1998). When "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983) (*quoting Hayes v. New England Millwork Distribs., Inc.*,

602 F.2d 15, 19-20 (1st Cir. 1979)); *see also Quaker State Oil Refining Corp. v. Garrity Oil Co.,* 884 F.2d 1510, 1517 (1st Cir. 1989) ("parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence").

In this case, Plaintiff offers no excuse why this amendment was not sought earlier. She certainly knew that of the 1997 policy when her Conference Statement was filed on August 30, 2006. Moreover, she has been on notice since prior to the inception of the litigation that CFLI's declination to pay the 2003 policy was based on Mr. Littlefield's material misrepresentation of his medical circumstances during the application. This Court can only conclude that her failure timely to raise the new claims was a strategic decision, and that the decision to raise them now is equally strategic, to avoid CFLI's viable motion for summary judgment.

At bottom, Plaintiff's motion to amend simply comes too late in the course of this litigation to comply with the requirements of the rules. It comes well after the passing of the discovery closure deadline (already extended by this Court), and filing of CFLI's motion for summary judgment. It is only now, after CFLI has offered compelling evidence to this Court regarding the undisputed material misrepresentation in the procurement of the 2003 policy, that she seeks to amend her complaint to include claims for the 1997 policy based on unjust enrichment and to change the landscape on the 2003 policy with a new theory. Plaintiff has failed to offer any justification or excuse for her failure timely to plead these claims and the Court should not reward dilatory conduct by granting this amendment.

If the motion is granted, and unless this Court bars Plaintiff from seeking additional discovery or from seeking to inject new facts in support of her new claims, discovery will

be reopened and CFLI will be exposed to significant prejudice as a result. As a small non-profit company, the cost of discovery in this litigation has already brought CFLI to seek the protection of the Court. Further, all of the individuals with knowledge of the pertinent facts have already been deposed. To reopen these depositions or to permit further discovery and delay would cause significant prejudice.[2] Finally, CFLI relied on the fully developed record after the close of discovery before incurring the significant expense of preparing its motion for summary judgment. If discovery is reopened, all of this expense is for naught.

### B. <u>The Court May Deny An Amendment Under Rule 15 on Futility Grounds.</u>

Rule 15(a) of the Federal Rules of Civil Procedure also places discretion in this Court to deny leave to amend on grounds of "the futility of the amendment." Here Plaintiff's new claim based on the 1997 policy appears to be in the alternative to her claim based on the 2003 policy – effectively, it alleges that the 1997 policy is owed if and when the 2003 policy is declared void. As a result, it is a claim for $60,000 at most,[3] which is well below this Court's jurisdictional amount. 28 U.S.C. § 1332 (a). Since the alternate nature of the claim makes it impossible for Plaintiff to recover on both policies, this Court's supplemental jurisdiction under 28 U.S.C. § 1367 might well be declined pursuant to 28 U.S.C. § 1367 (c) (3-4).

---

[2] The prejudice to CFLI is exacerbated by the health issues challenging several of these witnesses. These issues are a matter of record in the litigation; to protect the privacy of the individuals, CFLI relies on the record and hereby proffers this evidence should this Court deem it relevant.

[3] Indeed, it is likely a claim for substantially less. The remedy for unjust enrichment is restitution, the measure of a Defendant's gain rather than Plaintiff's loss. *Caseau v. Belisle,* No. PC 01-1441, 2005 WL 2354135, at *7 (R.I. Super. Ct. Sept. 26, 2005) (citing *Doe v. Burkland*, 808 A.2d 1090, 1095 (R.I. 2002)). Thus, CFLI would only be liable for a simple premium refund, an amount well below the jurisdictional amount. Since CFLI returned all unused premium paid on the 1997 policy and tendered all premium on the 2003 policy, the actual amount is likely deminimus.

Lack of jurisdiction over the claim is well recognized as an adequate ground to deny a motion to amend on grounds of futility. *Nichols v. Granquist*, C.A. No. 92-8289, 1993 WL 513943, at *1 (N.D. Ill. 1993).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend should be denied.

/s/ Patricia A. Sullivan
Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Attorneys for Defendant
Catholic Family Life Insurance
Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2007, a true and accurate copy of the within *Catholic Family Life Insurance Company's Opposition To Plaintiff's Motion To Amend* was served by ECF on:

Karen Davidson, Esq.
One Ship Street
Providence, RI 02903

/s/ Patricia A. Sullivan