# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COLLEEN LITTLEFIELD

Vs C.A. No. 06-157

CATHOLIC FAMILY LIFE INSURANCE COMPANY

**PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT**

This claim for breach of contract, negligence and bad faith is brought by Colleen Littlefield, who is the wife of decedent, Michael Littlefield, and beneficiary under two insurance policies. The defendant, Catholic Family Life Insurance Company ("CFLI") issued two term life insurance policies to Michael Littlefield but has refused to pay out on either of them subsequent to his death.

About 1997, Michael Littlefield bought a $50,000 term life insurance policy from the defendant. Colleen Littlefield also bought a separate $50,000 term life insurance policy in 1998, which continues in full force and effect. The parties agree that Michael Littlefield made all necessary payments on all policies at issue.

Around August 28, 2003, Michael Littlefield applied to increase his policy from $50,000 to $300,000 with the assistance of a CFLI examiner and agents, Donna Carroll and Donald Demers. The policy term was September 9, 2003 through September 9, 2023. The application included medical information and, as requested, authorized release of any and all medical records of Michael Littlefield to CFLI and/or its agents. On May 25, 2005, Michael Littlefield died in North Kingstown, Rhode Island, due to metastatic colon cancer. At the time Michael Littlefield completed the second application for insurance, and for nearly one year thereafter, there was no evidence of nor diagnosis of cancer.

After Michael Littlefield's death, the beneficiary, Colleen Littlefield notified CFLI of her husband's death and requested payment of the $300,000 policy coverage. Colleen Littlefield again executed all releases for medical records required by CFLI. CFLI has denied payment stating that the policy was contestable for two years from the date of issuance and that Michael Littlefield did not disclose a follow-up medical appointment or test, which it claims was fraud or material misrepresentation. Notwithstanding, Michael Littlefield's proper disclosures of physicians and treatments on the application, and notwithstanding his providing a medical

authorization for release of any and all medical information, CFLI has continued to deny coverage for the death of Michael Littlefield.

Plaintiff has also requested payment of the $50,000 twenty-year term policy, which payment has been denied by CFLI. Said $50,000 policy was in full force and effect when Michael Littlefield received the $300,000 policy. Certainly, there can be no claim that Michael Littlefield materially misrepresented his health when applying for the $50,000 policy as it was nearly eight years prior to his death. Said policy was canceled or rolled over into a higher limit policy by CFLI or its agent, Mr. Donald Demers. Nevertheless, CFLI refuses to make payment on either the $50,000 policy or the $300,000 policy to the great detriment of the plaintiff who is a single non-working mother.

CFLI has raised various defenses besides material misrepresentation including waiver and/or estoppel, unclean hands, fraud in the inducement, breach of an implied covenant of good faith and fair dealings, and lastly, CFLI claims that plaintiff's entitlement to recovery must be reduced and/or set off by the value of any recovery or claim for any medical malpractice.

The claim for offset of any medical malpractice claim is a novel one since the insurance policy was a separate contract with no provisions for offsets. Plaintiff believes that this legal issue can be summarily decided in her favor. So too, the claim for misrepresentation should be dismissed since the cancer was not discovered for at least one year after the insurance policy was issued. Lastly is the issue of the $50,000 policy and the $300,000 policy, both of which CFLI has refused to pay. Had the $300,000 policy not been issued, the $50,000 policy would have been in existence. Therefore, it is contradictory for defendant to argue that no payment is due under either the $50,000 policy or the $300,000 policy.

Regarding discovery, the plaintiff filed her complaint on April 5, 2006 and defendants answered June 16, 2006. Plaintiff requested production on June 26, 2006 and as of the date of filing has received no documents in response, only objections.

Plaintiff, Colleen Littlefield

By her Attorney,

Karen Davidson #3182
One Ship Street
Providence, RI 02903
(401) 453-6200
(401) 331-6110 fax

To: U.S. District Judge Mary M. Lisi
U. S. District Court for the
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

To: Attorney Patricia A. Sullivan
Attorney Caroline F. Turcotte
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 30th day of August, 2006, a true copy of the above was mailed, postage prepaid, to the above-named parties.

Rachel Babiana