Federal Practice & Procedure
Current through the 2007 Update

Federal Rules Of Civil Procedure
The Late Charles Alan Wright[FNa41], Arthur R. Miller[FNa42]

Chapter 7. Trials
Rule 38. Jury Trial Of Right
A. Right To Jury Trial

Link to Monthly Supplemental Service

**§ 2303 Statutory and Administrative Causes of Action—State Law Not Controlling**

**Primary Authority**

Fed. R. Civ. P. 38

Because state and federal provisions may differ regarding the scope and availability of the right to jury trial, it is necessary to determine which governs should a conflict arise. An issue concerning the appropriate source of the jury trial right presents itself in two situations: first, when an action asserting a federally created right is brought in a state court, and second, when a state-created right is adjudicated in a federal court.

An example of the first situation arose in Dice v. Akron, Canton & Youngstown Railroad Company.[FN1] In that case, the plaintiff was injured seriously when an engine in which he was riding jumped the track. He brought an action for damages under the Federal Employers' Liability Act ("FELA") in an Ohio court of common pleas. The Supreme Court held that federal law governs the mode of adjudicating cases arising under the FELA. The Court reasoned that only if federal law controlled could the statute be given uniform application throughout the nation.[FN2] The Court examined the right of action created by Congress and concluded that jury trial was an integral element of the relief it afforded. It followed that federal rather than state rules concerning the jury function had to be followed. Therefore, since the issue of a fraudulent release was jury triable in federal court, Ohio state courts were required to provide a jury trial on that issue in a FELA action. As the Court stated,

> ... the right to trial by jury is too substantial a part of the rights accorded by the Act to permit it to be classified as a mere "local rule of procedure" for denial in the manner that Ohio has here used.[FN3]

Thus, the Dice decision makes it clear that the state courts must grant a jury trial in proceedings involving federally created causes of action whenever there is a strong federal policy in favor of jury trial in the particular case.[FN4]

It now also is clear that federal law determines whether there is a right to jury trial in a case in federal court and that state law is wholly irrelevant. This proposition was not finally established until 1963, however, and before that time there was a division of view on this point. Many courts[FN5] and commentators[FN6] had concluded that federal law was controlling, but there was a substantial body of authority to the contrary.[FN7]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

If state law were controlling, there rarely, if ever, would be a jury trial, as that form of trial generally is understood, in the federal courts in Louisiana. Yet it has been held consistently, both before and after the decision in Erie Railroad Company v. Tompkins,[FN8] that the Seventh Amendment requires trial by jury in common law actions in the Louisiana federal courts even in diversity cases.[FN9]

The matter was settled definitely in 1963 in Simler v. Conner.[FN10] A court of appeals had relied on state decisions in characterizing an action as equitable and, therefore, in holding that there was no right to a jury. A unanimous Supreme Court reversed in a per curiam opinion.

> ... [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. ... Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, ... but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.[FN11]

The language in the Simler case is sufficiently broad so as to establish a federal test whenever there is a question whether an issue is for the court or for the jury. As a matter of clear analysis, however, it should be noted that when state created rights are adjudicated in a federal diversity action, jury trial problems arise in three different situations and that the holding in the Simler case, as distinguished from its language, concerns only one of the three. In each of these situations, federal jury trial criteria control. Even though the underlying substantive claim derives from state law, its characterization as legal or equitable—and therefore the question of whether it is jury triable or not—is determined by federal law.

The first situation is that in which state law denies a jury trial, but the Seventh Amendment requires it. In this situation it is clear that the federal court must allow a jury trial.[FN12] This is the precise holding of Simler, and that holding is sound. The language of the Rules of Decision Act cannot prevail over the clear command of the Seventh Amendment. Even if Justice Brandeis's controversial view that the Erie holding was constitutionally required be accepted,[FN13] it cannot alter the result in this situation, because Congress not only has explicit constitutional authority to provide a jury trial in common law cases but indeed is prohibited from denying that kind of trial.

The second situation is that in which the state law denies jury trial but federal courts customarily grant a jury trial, although not required to do so by the Seventh Amendment. The Supreme Court decided Byrd v. Blue Ridge Rural Electric Cooperative, Inc.[FN14] as if it were a case of this sort. The Supreme Court held that, at least when the state rule is not bound up with the definition of the rights and obligations of the parties, the federal policy favoring jury decisions of disputed fact questions should prevail over the contrary state rule.[FN15] Although noting that federal courts should conform as nearly as possible to state procedures when the state rule may have a substantial bearing on the outcome of the case,[FN16] the Court found "affirmative countervailing considerations" in the Byrd situation.

> The federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which in civil-common law actions, it distributes trial functions between judge and jury and, under the influence—if not the command—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury.[FN17]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

As this passage suggests, Byrd was not decided under the command of the Seventh Amendment. The Court specifically reserved the constitutional question whether the right to jury trial in federal courts embraces the issue of statutory immunity when asserted as an affirmative defense in a common-law negligence question.[FN18] Thus, Byrd establishes the proposition that federal practice controls the scope and incidence of jury trial, even when federal practice is not constitutionally required.[FN19]

Finally, there is the situation in which state law grants a jury trial that would be unavailable in a federal court. In Texas, and a few other states, the state constitution or a statute gives a right to trial by jury in all civil actions. It would not violate the Seventh Amendment if a federal court were to allow jury trial in all Texas cases, since the United States Constitution provides only a minimum requirement of jury trial. Yet the invariable practice of the federal courts in Texas has been to grant or deny jury trial according to the same tests that apply in federal courts in other states.[FN20]

The practice of the federal courts in Texas was approved by the Supreme Court in Herron v. Southern Pacific Company.[FN21] The Court held that a verdict might be directed on the issue of contributory negligence despite a state constitutional provision that the defense "shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." A unanimous Court, speaking through Chief Justice Hughes, declared:

> The function of the trial judge in a federal court is not in any sense a local matter, and state statutes which would interfere with the appropriate performance of that function are not binding upon the federal court under either the Conformity Act or the "Rules of Decision" Act. ... This discharge of the judicial function as at common law is an essential factor in the process for which the Federal Constitution provides.[FN22]

The Court reasoned that since "state laws cannot alter the essential character or function of federal court,"[FN23] "a federal court is not subject to state regulations, whether found in constitutional provisions or in statutes."[FN24] It was arguable—although it always seemed a weak argument[FN25]—that the subsequent decision in the Erie case destroyed Herron's authoritativeness. But in Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,[FN26] the Court relied heavily on Herron in holding that a particular issue in a diversity action was for the jury in a federal court even though it would have been decided by the judge in the state court. Thus, in this situation trial must be to the court in the federal system regardless of the contrary state rule.[FN27] The language of Simler also requires this result.

Thus, whether a federally created right is being adjudicated in a state court, or a state right is being adjudicated in a federal diversity action, it appears that federal law controls the scope of the jury trial right. This is true whether the federal practice is required constitutionally, or merely has been established by statute or custom. The complete dominance of federal law in the area of jury trial rights is clear.[FN28]

It has not been doubted that, when a jury trial is required in federal court, it is to have all the incidents of a usual jury trial in those courts. Thus, it simply has been taken for granted that the verdict must be unanimous, that the judge has the power to comment on the evidence, and that on other details of this kind state law is of no effect.[FN29] Similarly, state law does not control the number of jurors in a federal trial.[FN30] There is a difference of view, however, on whether the court must look to state law in a diversity case in deciding whether the evidence is sufficient to go to the jury. That question is examined in connection with Rule 50.[FN31]

The Supreme Court recently has allowed some encroachment on the principle that federal practice controls the function of juries. In Gasperini v. Center for Humanities, Inc.,[FN32.1] the Court held that state law determined the standard by which a trial judge or an appellate court reviewed a jury award for inadequacy or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

excessiveness.[FN32.2] In Gasperini, the Court vacated a Second Circuit ruling with instructions to remand to the district court to determine whether the jury's award violated the New York "abuse of discretion" standard, rather than the more deferential "shocks the conscience" standard of the federal system.[FN32.3] Although this ruling allows state law to play a new role in what is arguably the domain of the jury, the Gasperini decision does not subject the scope of jury triable actions or issues to state law.[FN32.4] The doctrine that federal law controls federal juries still is generally secure.

[FNa41] Charles Alan Wright Chair in Federal Courts, The University of Texas.

[FNa42] Bruce Bromley Professor of Law, Harvard University.

[FN1]

**Dice case**

1952, 72 S.Ct. 312, 342 U.S. 359, 96 L.Ed. 398.

[FN2]

**Uniform application**

72 S.Ct. at 314, 342 U.S. at 361.

**See also**

Geneva Pharmaceuticals Technology Corp. v. Barr Labs., Inc., D.C.N.Y.2003, 2003 WL 1345136.

Pereira v. Cogan, D.C.N.Y.2002, 2002 WL 989460 (uniform application of jury trial right is demanded by Seventh Amendment).

[FN3]

**Too substantial**

72 S.Ct. at 315, 342 U.S. at 363.

[FN4]

**Strong federal policy**

Note, State Enforcement of Federally Created Rights, 1960, 73 Harv.L.Rev. 1551.

[FN5]

**Federal law—courts**

Kirschner v. West Co., C.A.3d, 1962, 300 F.2d 133.

Bowie v. Sorrell, C.A.4th, 1953, 209 F.2d 49, 43 A.L.R.2d 781.

"In conflict of laws cases the question whether an issue of fact is to be tried by a court or by a jury is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

considered one of procedure, and governed by the internal law of the forum. ... The analogy is persuasive, though perhaps not necessarily conclusive, when the question is the enforcement in federal courts of rights arising under state law. Well considered federal decisions have held that the division of function between court and jury in a federal court is to be made by federal, not state law." Ettelson v. Metropolitan Life Ins. Co., C.A.3d, 1943, 137 F.2d 62, 64–65, certiorari denied 64 S.Ct. 92, 320 U.S. 777, 88 L.Ed. 467.

Anderson v. Southern Bell Telephone & Telegraph Co., D.C.Ga.1962, 209 F.Supp. 921.

Larsen v. Powell, D.C.Colo.1954, 16 F.R.D. 322.

Logan v. Holman, D.C.N.J.1947, 7 F.R.D. 596.

Hollingsworth v. General Petroleum Corp., D.C.Or.1939, 26 F.Supp. 917.

Puerto Rico litigants have a right to jury trial on their Commonwealth claims in federal court when the court exercises supplemental jurisdiction, even if the Puerto Rico constitution confers no right to jury trial on those particular claims. Rivera-Flores v. Puerto Rico Tel. Co., C.A.1st, 1995, 64 F.3d 742.

Although there were decisions from state trial courts stating that plaintiffs had no right to jury trials on Connecticut Franchise Act claims, the district court granted the plaintiff's request for a jury trial and noted that the defendant did not object until after the jury found in favor of the plaintiff. Charts v. Nationwide Mut. Ins. Co., D.C.Conn.2005, 397 F.Supp.2d 357.

Geneva Pharmaceuticals Technology Corp. v. Barr Labs., Inc., D.C.N.Y.2003, 2003 WL 1345136.

[FN6]

**Federal law—commentators**

Green, Protection of Jury Trial in Diversity Cases Against State Invasions, 1957, 35 Texas L.Rev. 768.

Holtzoff, Equitable and Legal Rights and Remedies under the New Federal Procedure, 1943, 31 Calif.L.Rev. 127, 138–140.

Ilsen, Recent Cases and New Developments in Federal Practice and Procedure, 1941, 16 St. John's L.Rev. 1.

Note, Federal Trials and the Erie Doctrine, 1956, 51 Nw.U.L.Rev. 338, 344–347.

Note, Federal Practice: The Jury Right in Diversity Cases, 1956, 9 Okla.L.Rev. 74.

Note, State Trial Procedure and the Federal Courts: Evidence, Juries, and Directed Verdicts under the Erie Doctrine, 1953, 66 Harv.L.Rev. 1516, 1520–1523.

[FN7]

**State law**

Order of United Commercial Travelers of America v. Duncan, C.A.6th, 1955, 221 F.2d 703.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Oklahoma Contracting Co. v. Magnolia Pipe Line Co., C.A.5th, 1952, 195 F.2d 391, certiorari denied 73 S.Ct. 388, 344 U.S. 921, 97 L.Ed 710.

Olsen v. International Supply Co., D.C.Alaska 1958, 22 F.R.D. 221, 17 Alaska 643.

Pan-Am Southern Corp. v. Cummins, D.C.Tenn.1957, 156 F.Supp. 673, case remanded for an entry of an order in the district court vacating the the judgment appealed from and dismissing the suit, C.A.6th, 1957, 249 F.2d 955.

Beagle v. Northern Pac. Ry. Co., D.C.Wash.1940, 32 F.Supp. 17.

Ross v. Service Lines, Inc., D.C.Ill.1940, 31 F.Supp. 871.

Note, Right to Jury Trial of Legal Issues in Diversity Suits, 1963, 14 West.Res.L.Rev. 773.

"Sounder policy" would be to hold state law controlling. Note, 1940, 88 U.Pa.L.Rev. 1015.

GreatAmerica Leasing Corp. v. Cozzi Iron & Metal Inc., D.C.Ill.1999, 76 F.Supp.2d 875.

**Compare**

Under Texas law the time limit on an appeal to the courts in a workmen's compensation case is characterized as a question of jurisdiction rather than a statute of limitation. The Fifth Circuit has accepted this state characterization, and has held that since the matter is thus one of jurisdiction, a federal court may resolve it, on affidavits if it chooses, without jury trial. Digby v. U.S. Fidelity & Guar. Co., C.A.5th, 1957, 239 F.2d 569; Roberts v. Ohio Cas. Ins. Co., C.A.5th, 1958, 256 F.2d 35.

[FN8]

**Erie case**

1938, 58 S.Ct. 817, 304 U.S. 64, 82 L.Ed. 1188.

See the discussion of this case and other aspects of the Erie doctrine in vol. 19, §§ 4504, 4505.

[FN9]

**Jury trial required**

Parsons v. Bedford, Breedlove & Robeson, 1830, 3 Pet. (28 U.S.) 433, 447, 7 L.Ed. 732.

Wright v. Paramount-Richards Theatres, Inc., C.A.5th, 1952, 198 F.2d 303.

Nuccio v. General Host Corp., D.C.La.1971, 53 F.R.D. 234 (workman's compensation action).

Ellis v. Weasler Engineering, Inc., C.A.5th, 2001, 258 F.3d 326.

EEOC v. HBE Corporation, C.A.8th, 1998, 135 F.3d 543 (availability of jury trial is question of federal law whenever state law claims are being tried).

[FN10]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Simler case**

1963, 83 S.Ct. 609, 372 U.S. 221, 9 L.Ed.2d 691.

[FN11]

**Recourse to federal law**

83 S.Ct. at 610, 372 U.S. at 222.

In re City of Philadelphia Litigation, C.A.3d, 1998, 158 F.3d 723.

Shelley v. Trafalgar House Public Ltd. Co., D.C.Puerto Rico 1997, 987 F.Supp. 84.

**See also**

RDO Financial Servs. Co. v. Powell, D.C.Tex.2002, 191 F.Supp.2d 811.

"[T]he right to a jury trial in federal court, regardless of whether the claim arises under state law, presents a question of federal law." First Union Nat. Bank v. U.S., D.C.Pa.2001, 164 F.Supp.2d 660, 662.

Dominium Management Servs. v. Nationwide Housing Group, D.C.Minn. 1997, 986 F.Supp. 578 (relying on California state law as governing caselaw to determine that action is legal rather than equitable in character and hence would be granted a jury trial) (dictum).

[FN12]

**Required by Seventh Amendment**

U.S. v. Williams, C.A.5th, 1971, 441 F.2d 637, 643.

In an action for money damages under a state statute there is a right to trial by jury even though the state characterizes the suit as "equitable." Travelers Indem. Co. v. State Farm Mut. Auto. Ins. Co., C.A.9th, 1964, 330 F.2d 250, 258.

Kelley Drye & Warren v. Murray Indus., Inc., D.C.N.J.1985, 623 F.Supp. 522, 527, **citing Wright & Miller.**

The Minnesota Human Rights Act claims should be tried to a jury in federal court. Todd v. Ortho Biotech, Inc., C.A.8th, 1998, 138 F.3d 733.

Gipson v. KAS Snacktime Co., C.A.8th, 1996, 83 F.3d 225, appeal after remand C.A.8th, 1999, 171 F.3d 574.

Sherer v. Foodmaker, Inc., D.C.Mo.1996, 921 F.Supp. 651.

**See also**

Note, State Trial Procedure and the Federal Courts: Evidence, Juries, and Directed Verdicts under the Erie Doctrine, 1953, 66 Harv.L.Rev. 1516, 1520.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Grabinski v. Blue Springs Ford Sales, Inc., C.A.8th, 1998, 136 F.3d 565 (upholding right to federal jury trial, regardless of state law, when plaintiff seeks at least in part a legal remedy).

[FN13]

**Justice Brandeis**

See the discussion of the constitutional basis for the Erie decision in vol. 19, § 4505.

[FN14]

**Byrd case**

1958, 78 S.Ct. 893, 356 U.S. 525, 2 L.Ed.2d 953.

See the discussion of the Byrd case in vol. 19, § 4504.

[FN15]

**Rights and obligations**

78 S.Ct. at 900, 356 U.S. at 536.

[FN16]

**Conform with state outcome**

78 S.Ct. at 900, 356 U.S. at 536–537.

[FN17]

**Countervailing considerations**

78 S.Ct. at 900, 356 U.S. at 636.

[FN18]

**Jury trial customary**

78 S.Ct. at 901 n. 10, 356 U.S. at 537 n. 10.

[FN19]

**Federal practice controls**

The federal policy favoring jury decisions of disputed fact questions prevailed over the state practice of allocating to the court the decision as to the time of discovery of a cause of action. Goodman v. Mead Johnson & Co., C.A.3d, 1976, 534 F.2d 566, certiorari denied 97 S.Ct. 732, 429 U.S. 1038, 50 L.Ed.2d 748.

Hartford Fire Ins. Co. v. First Nat. Bank of Atmore, D.C.Ala.2002, 198 F.Supp.2d 1308.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Russell-Stanley Holdings, Inc. v. Buonanno, D.C.N.Y.2002, 327 F.Supp.2d 252 (determining whether jury trial right has been waived is governed by federal law).

The Seventh Amendment requires federal courts to apply federal standards concerning the excessiveness of damages. Schimizzi v. Illinois Farmers Ins., Co., D.C.Ind.1996, 928 F.Supp. 760.

**See also**

Green, Protection of Jury Trial in Diversity Cases Against State Invasions, 1957, 35 Texas L.Rev. 768.

[FN20]

**Same tests as elsewhere**

There is no right to a jury trial in federal court on a suit to quiet title even though the Texas courts would allow a jury in that case, as in other cases. Humble Oil & Refining Co. v. Sun Oil Co., C.A.5th, 1951, 191 F.2d 705, certiorari denied 72 S.Ct. 367, 342 U.S. 920, 96 L.Ed. 687.

[FN21]

**Herron case**

1931, 51 S.Ct. 383, 283 U.S. 91, 75 L.Ed. 857.

[FN22]

**Not a local matter**

51 S.Ct. at 384, 283 U.S. at 94–95.

[FN23]

**Cannot alter function**

78 S.Ct. at 900, 356 U.S. at 536.

[FN24]

**Federal rule prevails**

78 S.Ct. at 900, 356 U.S. at 536.

[FN25]

**Weak argument**

The Erie case required the federal courts to look to state decisions in diversity cases. See vol. 19, §§ 4504, 4507. It did not change the weight to be given state statutes and constitutions.

[FN26]

**Byrd case**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1958, 78 S.Ct. 893, 356 U.S. 525, 2 L.Ed.2d 953.

For a more detailed discussion of this case, see vol. 19, § 4504.

[FN27]

**Trial to court**

Goar v. Compania Peruana de Vapores, C.A.5th, 1982, 688 F.2d 417, 424, **citing Wright & Miller.**

Nunez v. Superior Oil Co., C.A.5th, 1978, 572 F.2d 1119, 1128, **citing Wright & Miller.**

In Curry v. Pyramid Life Ins. Co., C.A.8th, 1959, 271 F.2d 1, a party claimed that Missouri law gave him a right to a jury trial and that this was controlling whatever the federal law might be. The court, relying on Byrd v. Blue Ridge Rural Electrical Coop., Inc., rejected this contention out of hand, although ultimately it held that federal law also provided for jury trial in the situation before it.

State practice by which a jurisdictional issue would be submitted to a jury need not be followed in federal court. Anderson v. Southern Bell Tel. & Tel. Co., D.C.Ga.1962, 209 F.Supp. 921.

Fraud in the inducement of a release is triable by the court notwithstanding a state rule requiring jury trial. Hollingsworth v. General Petroleum Co., D.C.Or.1939, 26 F.Supp. 917. In this situation there probably should have been a jury trial as a matter of federal law.

Granite State Ins. Co. v. Smart Modular Technologies, Inc., C.A.9th, 1996, 76 F.3d 1023.

Bales v. Wal-Mart Stores, Inc., D.C.Iowa 1997, 972 F.Supp. 483, affirmed C.A.8th, 1998, 143 F.3d 1103.

[FN28]

**State law irrelevant**

Cooper Labs., Inc. v. International Surplus Lines Ins. Co., C.A.3d, 1986, 802 F.2d 667, 671, **citing Wright & Miller.**

Goar v. Compania Peruana de Vapores, C.A.5th, 1982, 688 F.2d 417, 423, **citing Wright & Miller.**

Hensley v. E. R. Carpenter Co., C.A.5th, 1980, 633 F.2d 1106, 1110, **citing Wright & Miller.**

Owens-Illinois, Inc. v. Lake Shore Land Co., C.A.3d, 1979, 610 F.2d 1185.

Substantive issues in a diversity case are governed by state law, but federal law governs the allocation of the issues raised between the judge and jury, and if federal rules would entitle the litigants to a jury determination of a particular issue, federal courts will not yield to state practice to the contrary. Nunez v. Superior Oil Co., C.A.5th, 1978, 572 F.2d 1119.

Klein v. Shell Oil Co., C.A.8th, 1967, 386 F.2d 659, 662.

Halladay v. Verschoor, C.A.8th, 1967, 381 F.2d 100, 109.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ammons v. Franklin Life Ins. Co., C.A.5th, 1965, 348 F.2d 414, 416, 14 A.L.R.3d 776.

DePinto v. Provident Sec. Life Ins. Co., C.A.9th, 1963, 323 F.2d 826, 834, certiorari denied 84 S.Ct. 965, 968, 376 U.S. 950, 11 L.Ed.2d 969.

In a personal injury diversity action arising from an accident in Libya, a federal district court sitting in Texas would apply this rule with respect to the right to jury and would not permit the plaintiff to withdraw his jury request unless all parties should consent. Couch v. Mobil Oil Corp., D.C.Tex.1971, 327 F.Supp. 897.

Shenandoah Life Ins. Co. v. Hawes, D.C.N.C.1966, 256 F.Supp. 366, 368–369.

International Financial Servs. Corp. v. Chromas Technologies Canada, Inc., C.A.7th, 2004, 356 F.3d 731, 734, **citing Wright & Miller** ("Even where, as here, a district court is applying the substantive law of a state, federal procedural law controls the question of whether there is a right to a jury trial."), on remand D.C.Ill.2005, 2005 WL 2304783.

Gipson v. KAS Snacktime Co., C.A.8th, 1996, 83 F.3d 225, appeal after remand C.A.8th, 1999, 171 F.3d 574.

"In a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues." Granite State Ins. Co. v. Smart Modular Technologies, Inc., C.A.9th, 1996, 76 F.3d 1023, 1026–1027.

Vance ex rel. Wood v. Midwest Coast Transp., Inc., D.C.Kan.2004, 314 F.Supp.2d 1089 (since federal law governs allocation of tasks between court and jury, plaintiff was entitled to have jury determine amount of punitive damages).

Household Commercial Financial Servs., Inc. v. Suddarth, D.C.Ill.2002, 2002 WL 31017608 (slip opinion)(in diversity actions, federal law governs whether right to jury trial has been waived).

Russell-Stanley Holdings, Inc. v. Buonanno, D.C.N.Y.2002, 327 F.Supp.2d 252 (determining whether jury trial right has been waived is governed by federal law).

Nuclear Management Corp. v. Combustion Engineering, Inc., D.C.Conn.2000, 83 F.Supp.2d 312.

RTC Mortgage Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co., D.C.N.J.1999, 58 F.Supp.2d 503.

Morgan Guar. Trust Co. of New York v. Crane, D.C.N.Y.1999, 36 F.Supp.2d 602.

Webb v. U.S., D.C.Va.1998, 24 F.Supp.2d 608 (under Westfall Act in conjunction with Federal Torts Claims Act, plaintiff seeking relief against federal employee is not entitled to jury on scope-of-employment issue regardless of state law).

Burlington Northern R.R. Co. v. Nebraska Public Power Dist., D.C.Neb.1996, 931 F.Supp. 1470, **citing Wright & Miller.**

**Compare**

In Freeman v. Continental Gin Co., C.A.5th, 1967, 381 F.2d 459, 465–466, the court looked to state law

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to the effect that it is for the court to determine whether an oral promise comes within the collateral agreement exception to the "parol evidence rule," but it noted that the federal decisions were not to the contrary.

[FN29]

**Incidents of trial**

This result seems required by the Herron case, which is discussed at note 21 above, now that it is clear that Herron is still authoritative.

[FN30]

**Number of jurors**

Colgrove v. Battin, 1973, 93 S.Ct. 2448, 413 U.S.149, 37 L.Ed.2d 522.

Wilson v. Nooter Corp., C.A.1st, 1973, 475 F.2d 497, certiorari denied 94 S.Ct. 116, 414 U.S. 865, 38 L.Ed.2d 85.

[FN31]

**Sufficiency of evidence**

See § 2525.

**See also**

Gray v. Martindale Lumber Co., C.A.5th, 1975, 515 F.2d 1218, 1222, **citing Wright & Miller.**

[FN32.1]

**Gasperini case**

1996, 116 S.Ct. 2211, 518 U.S. 415, 135 L.Ed.2d 659.

[FN32.2]

**Inadequate or excessive awards**

116 S.Ct. at 2215, 518 U.S. at 417.

[FN32.3]

**Shocks the conscience**

116 S.Ct. at 2218, 518 U.S. at 424.

[FN32.4]

**Scope of right unaffected**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Court premised its decision in part on the position that the Seventh Amendment did not affect the trial judge's discretion to overturn verdicts for excessiveness. 116 S.Ct. at 2222, 518 U.S. at 431.

© 2007 Thomson/West

9 FPP § 2303

END OF DOCUMENT