# TAB A

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

| | | |
|---|---|---|
| MICHAEL LITTLEFIELD,<br>COLLEEN LITTLEFIELD, and<br>COLEEN LITTLEFIELD as Parent<br>And Next Best Friend of<br>ELIZABETH LITTLEFIELD | } | |
| Vs | } | CA No. 05-0334 |
| JOHN ABADIER, M.D. a/k/a<br>WAHID J. ABADIER, M.D. and<br>KENT GENERAL & VASCULAR<br>SURGEONS, INC. | } | |

**PLAINTIFF COLLEEN LITTLEFIELD AS EXECUTRIX OF THE ESTATE OF MICHAEL LITTLEFIELD RESPONDS TO DEFENDANT, JOHN ABADIER, M.D. a/k/a WAHID J. ABADIER, M.D. INTERROGATORIES**

1. State your full name, your address, your date of birth, your marital status, your relationship to the decedent, the capacity in which you bring the suit, the date of your appointment as Executrix and the court so appointing you in that capacity.

**ANSWER NO. 1:** Colleen Martha Littlefield, Address: **REDACTED**, North Kingstown, Rhode Island 02852; Date of Birth. /58; I am the widow of Michael Littlefield, Appointment: July 20, 2005, Probate Court of the Town of North Kingstown. # 6097.

2. State the full name of the Plaintiff's decedent, the decedent's address at the time of death, date of birth, marital status at the time of death and the name and address of each child of the Plaintiff's decedent. If any child of Plaintiff's decedent is deceased, give the date of death and the cause of death.

**ANSWER NO. 2:** Michael Littlefield; Address: North Kingstown, Rhode Island 02852; Date of Birth: 9; Married; **REDACTED** Iorth Kingstown, Rhode Island 02852

3. List the names and addresses of the parents of the decedent; state their ages and dates of birth, if deceased, set forth their age at time of death, date of death of and cause of death.

**ANSWER NO. 3:** **REDACTED**

REDACTED

4. Give the names and addresses of all brothers and sisters of the Plaintiff's decedent; their dates of birth, their business and / or occupations. If any brother or sister of the Plaintiff's decedent is deceased, give the date of death, the age at death and the cause of death.

**ANSWER NO. 4:**

REDACTED

5. Set forth the educational background of the Plaintiff's decedent; all schools attended; list the schools from which Plaintiff's decedent graduated; set forth the employment of the Plaintiff's decedent for the seven years next preceding the time of death and including therein, but without limiting the generality of the foregoing, give the name and address of each employer, the length of time employed, the category and/or classification of employment, the weekly and/or monthly earnings and/or wages which Plaintiff's decedent may have earned in the seven years next preceding the time of death.

**ANSWER NO. 5:**

REDACTED

6. Give a detailed, itemized account of the decedent's expenses for each of the five years next preceding the time of death and without limiting the generality of the foregoing, list the expenses for food, drink, lodging, rental expenses., real estate maintenance expense, mortgage expense, taxes to state and federal governments, utilities, medical car, dental care, automobile expenses., travel expenses, transportation costs, hotel costs, amusements, gifts, contributions to religious and charitable organizations, personal insurance, union dues and dues to voluntary associations.

**ANSWER NO. 6:** Objection to the extent that this interrogatory seeks and/or otherwise requires expert economic opinion. Without waiving this objection, I am in the process of compiling information concerning my husband's personal expenses and will supplement this answer at such time as this information is obtained. Plaintiff will further timely supplement this answer at such time as an expert economist has been retained. Experts have not yet been retained.

7. State the tax valuation of any real estate owned by decedent at the time of death and the amount of encumbrances thereon, if any.

**ANSWER NO. 7:** I am in the process of compiling information to respond to this interrogatory and will supplement this answer at such time as this information is obtained.

8. State the fair cash value of tangible personalty and the amount of intangible personalty if any, including cash owned by the decedent at date of death.

**ANSWER NO. 8:** I am in the process of compiling information to respond to this interrogatory and will supplement this answer at such time as this information is obtained.

9. State the condition which necessitated treatment by this Defendant.

**ANSWER NO. 9:** Answering as a layperson, it is my understanding that my husband saw Dr. Abadier for inguinal hernia repair surgery and follow up.

10. State all facts upon which you base your claim that this Defendant was negligent and that his negligence caused or contributed to the death of Plaintiff's decedent. In your response, please be specific as to:

a. All facts to support your clam that Defendant failed to perform a complete, timely and thorough examination, being specific as to the date when the examination should have been performed;

b. Failed to elicit all pertinent symptoms:

c. Failed to refer decedent in timely fashion to specialists in other fields.

d. Failed to perform, order or refer for complete, adequate and timely diagnostic tests and studies;

e. Failed to properly diagnose a true condition that decedent was then and there suffering from;

f. Failed to closely monitor the decedent' condition and failed to give the decedent timely and proper advice concerning his condition and the necessity for follow up medical care and treatment, being specific as to the precise. timely monitoring that should have been performed, and the advice that should have been provided;

g. Permitted the decedent to languish without proper medical attention, thereby allowing aggravations, exacerbation and deterioration of the decedent's underlying condition;

h. Failed to keep current on recent medicine and surgery, being specific as to which recent trends in medicine and surgery that the Defendant was not aware of;

i. Failed to disclose to the decedent the seriousness and nature of his medical condition, being specific as to all information you claim was not disclosed and the date on which it should have been disclosed; and failed to exercise reasonable care and caution and conduct, advice and treatment rendered to the decedent so as to prevent unfavorable medical injuries and resulting complications to ensue, including death.

**ANSWER NO. 10:** Answering as a layperson only, it is my understanding that, given my husband's complaints as well as the results of the June 18, 2003 CT Scan and June 20, 2003, Barium Enema, further work up and testing was necessary to diagnose my husband's condition. It is further my understanding that, had Dr. Abadier properly undertaken further testing and examination, my husband's cancer would have been earlier diagnosed. Instead, as a result of Defendants' negligence, my husband's appendiceal cancer was not diagnosed until 2004, by which time his cancer had spread and was not treatable, resulting in his death. I reserve the right to supplement this answer as discovery develops.

11. State the nature and duration of every injury, disease, sickness, and/or condition from which the Plaintiff's decedent is alleged to have suffered within five (5) years prior to death, give the name and address of each doctor and /or hospital who treated the Plaintiff's decedent for each said injury, disease, sickness, and/or condition.

**ANSWER NO. 11:** Answering as a layperson, my husband saw the following medical providers in the five (5) years prior to his death:

**ANSWER NO. 11:** Answering as a layperson, my husband saw the following medical providers in the five (5) years prior to his death:

1. Kent County Hospital
   455 Tollgate Road
   Warwick, RI 02886
   ER Visit 8/13/00

   Admission: 4/24/03 (including pre-op records)

   ER Visit 5/21/03

   ER Visit 1/25/01

   ER Visit 3/17/02

   ER Visit 3/30/03

   ER Visit 4/13/03

   ER Visit 9/26/03

   ER Visit 9/28/03

   X-ray report 8/13/00, 9/27/03

2. Dr: Wahid Abadier, M.D.
   Kent General & Vascular Surgeons, Inc.
   455 Tollgate Road
   Warwick, RI 02886
   4-7-03- 8/25/03

3. Dr. Plakyil Joseph, M.D.
   Hematology & Oncology Associates
   1220 Pontiac Avenue
   Cranston, RI 02920
   8/24/04-5/25/05

4. Pierre Manzo, M.D.
   University Medical Foundation
   1 James P. Murphy Hwy.
   West Warwick, RI 02893
   9/5/00-4/13/05

5. Rhode Island Medical Imaging
   5840 Post Road
   East Greenwich, RI 02818
   2/12/04 (C-Spine report)

8/26/04, CT Chest, MRI Abdomen

6. Thomas K Shanian, M.D.
593 Eddy Street
Providence, RI 02903
7/28/04-8/26/04

7. Rhode Island Hospital
593 Eddy Street
Providence, RI 02903
ER Visit, Admission 7/28/04-8/2/04

Liver Biopsy 8/13/04

Port Placement 9/10/04

Removal of Port 1/18/05

8. Stephen Jarrow, D.C.
5840 Post Road
East Greenwich, RI 02818
2/12/04 x-ray
3/2/04 office visit

9. Dr. Randal Updegrove
University Orthopedics, Inc.
1351 South County Trail
East Greenwich, RI 02818
6/18/04

I am in the process of compiling further information to respond to this interrogatory and will supplement this answer at such time as this information is obtained.

12. Has the Plaintiff or the Plaintiff's decedent ever made a claim or filed a law suit against any person, firm or corporation because of injury to their person? If so, please list any such claims and/or law suits, giving a brief description and/or account of the circumstances thereof, including the date(s) of occurrence, place of occurrence and the end result of such claim.

**ANSWER NO. 12:**

**REDACTED**

REDACTED

13. State the name and address of any person whom you believe or know to have any knowledge concerning the incidents described in your complaint, their causes and/or consequences.

**ANSWER NO. 13:** tion

REDACTED

14. If you or your attorney have taken any statements or obtained any reports from any persons named in the foregoing answer, state the name and address of those persons from whom statements or reports have been taken and set forth who has possession of said reports and /or statements at the present time.

**ANSWER NO. 14:** None other than those as may be contained within the medical records of Michael Littlefield.

15. State the name and address of each expert witness whom you have engaged or intend to engage at the time of trial and state for each such expert:

a. The subject matter on which the expert is expected to testify;

b. A summary of the grounds for each opinion held by each expert;

c. A detailed description of each opinion held by each expert.

**ANSWER NO. 15:** No determination has been as to experts who are expected to testify. Plaintiff agrees to timely supplement this interrogatory answer at such time as experts have been determined and retained.

16. Please provide a list of all statements of fact or opinion contained in any literature which you intend to introduce at the time of trail.

**ANSWER NO. 16:** Objection to the extent that this interrogatory seeks and/or otherwise requests information which is protected by the attorney work product privilege.

Plaintiff further objects to this interrogatory to the extent that it seeks information concerning counsel's mental impressions, cross-examination and trial strategy. Without waiving these objections, to the extent that Plaintiff will use and/or rely upon learned treatises at trial as free standing, affirmative evidence, (not for cross examination) Plaintiff agrees to timely provide information responsive to this interrogatory in accordance with RIGL §9-19-30. Plaintiff has not yet determined which, if any, learned treatises will be so introduced into evidence.

17. State the Plaintiff's decedent's date of death, cause of death and whether or not an autopsy was ever performed.

**ANSWER NO. 17:** My husband died on May 25, 2005. There was no autopsy performed.

18. . State whether you or anyone on your behalf has had any conversations with the Defendant, the Defendant's agents, servants and/or employees concerning any of the matters or things alleged in the complaint, and, if so, give the date, the time and place of each conversation and the substance thereof.

**ANSWER NO. 18:** As best I can remember, I had some conversations with Dr. Abadier about my husband's hernia surgery and problems after, such as his stomach being black and blue after the surgery. Dr. Abadier assured both Michael and I that Michael was going to be okay and that this was just a process of healing. In or about June of 2003, I also told Dr. Abadier that Michael was having pain; Dr. Abadier said to have Michael come back and see him, which Michael did.

I also recall Michael speaking to Dr. Abadier or his secretary after the CT scan in June of 2003: they said the CT scan showed some sort of abscess or mass and Michael would need to have more tests. After the barium enema, Dr. Abadier told Michael there was just an abscess or a pocket of blood, he would just have to deal with the pain, but it would dissipate and heal up. I believe that Dr. Abadier also told me, after telling Mike that he just had a pocket of blood that Mike was doing fine, that Mike had a physical job and that it's just going to take some time.

On one occasion, while I was waiting in Dr. Abadier's office, I recall his secretary told me that Dr. Trombotore was always in trouble with his surgeries and that Dr. Abadier always had to help him out. I recall that I responded, "I'll never have that guy work on me".

I may have had additional conversations with Dr. Abadier which I do not currently recall. I reserve the right to supplement this answer.

19. Give an itemized account of all the medical expenses, including medications, medical attention, including hospitalization, for the decedent's alleged injuries, including the names and address of each physician, surgeon or hospital who treated the decedent

and the nature of the condition for which the decedent was treated and the date of each treatment.

**ANSWER NO. 19:** Answering as a layperson, following his diagnosis of cancer in 2004, my husband, Michael received treatment and incurred medical bills as follows:

**REDACTED**

6.

REDACTED

7.

8.

20. If any photographs were taken of the decedent's injuries, set forth the name and address of the person taking said photographs, a brief description of what is depicted, the date said photographs were taken and the name and address of the person who presently has control of said photographs.

**ANSWER NO. 20:** None, not applicable.

21. If you claim pecuniary damages as set forth in R.I. G.L § 10-7-1.1, state those damages to which you claim you are entitled and set forth those calculations used to obtain this figure, including, but not limited to, the gross amount of your decedent's prospective income, the estimated personal expenses that the decedent would be expected to incur and how the remaining sum was reduced to ascertain its present value.

**ANSWER NO. 21:** Objection to the extent that this interrogatory seeks and/or otherwise requires expert economic opinion. Without waiving this objection, as to the lost wages, I am in the process of compiling further information concerning my husband's earnings and will supplement this answer at such time as this information is obtained. As to lost earning capacity and future lost wages, Plaintiff agrees to timely supplement this interrogatory at such time as wage and earning information has been compiled and an expert economist has been retained. Experts have not yet been retained.

22. If decedent performed services for any parent, spouse, child or other heirs who survived decedent, please state;

a. The identity of each person;

b. Describe each service performed for each such person.

c. State the total time spent by decedent performing the service per year for the last five (5) years;

d. State the total value of the services;

e. State the total cost to each person of obtaining others to perform each service performed by the decedent.

f. Identify each person performing such service since decedent's death;

g. identify all writings relating to decedent's service or the substituted services referred to above.

**ANSWER NO. 22:** REDACTED

23. Set forth the manner in which you compute the loss to the decedent's estate, setting forth the decedent's contended working life; contended prospective gross annual income for each year of said contended working life; personal expenses to be deducted from gross annual income for each year of working life, inflationary factors, if any; and method utilized in reducing gross loss to present value.

**ANSWER NO. 23:** Objection to the extent that this interrogatory seeks and/or otherwise requires expert economic opinion. Without waiving this objection, as to the lost wages, I am in the process of compiling further information concerning my husband's earnings and will supplement this answer at such time as this information is obtained. As to lost earning capacity and future lost wages, Plaintiff agrees to timely supplement this

24. Do you claim damages based on your mental anguish, grief or sorrow resulting from the death of the decedent and if so, state:

a. The amount of damages claimed

b. The method of computing or determining the amount of damages for such claim;

c. A detailed description of your physical and mental condition for the year immediately preceding decedent's death, including a statement of your height and weight, illnesses, injuries, periods of hospitalization, visits to doctors, use of medicine and drugs and similar information.

d. A detailed description of your health since decedent's death, covering the matters listed in the preceding paragraph;

e. A detailed description of each change in your standing in school. business, religious and social activities since the decedent's death which are attributable to such death.

**ANSWER NO. 24:**

**REDACTED**

After my husband's surgery on April 24, 2003, my husband became increasingly unable to engage in activities as he had before.

**REDACTED**

**REDACTED**

Plaintiff,

Colleen Littlefield, as Executrix to the Estate of Michael Littlefield

STATE OF RHODE ISLAND
COUNTY OF

Subscribed and sworn to before me this 31st day of July, 2007.

Notary Public

My commission Expires: 6/30/09

As to objections,

Vincent D. Morgera, Esquire (#2052)
Mark H. Grimm, Esquire (#3130)
Vincent D. Morgera, Ltd.
One Turks Head Place Suite 1110
Providence, RI 02903
Phone: 401-456-0300
Fax: 401-421-3005

**CERTIFICATION**

I hereby certify that I mailed a true copy of the foregoing to the following counsel of record on the 1st day of August, 2007, by First Class Mail, postage prepaid.

Seth Bowerman, Esquire
BOWERMAN & TAYLOR GUERTIN
One Turks Head Pl. Suite 1300
Providence, RI 02903

John Barton, Esquire
Andrea Coletta
Taylor, Duane, Barton & Gilman
10 Dorrance Street
Providence, RI 02903